# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1367

_____

| | | |
|---|---|---|
| Jennifer June Johnson, | * | |
| | * | |
| Plaintiff/Appellee, | * | |
| | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Joe Ernst Phillips, in his official and | * | |
| personal capacities, | * | |
| | * | |
| Defendant/Appellant, | * | |
| | * | |
| Velda City, Missouri, a Missouri | * | |
| municipal corporation, | * | |
| | * | |
| Defendant. | * | |

_____

Submitted: September 20, 2011
Filed: December 22, 2011

_____

Before RILEY, Chief Judge, COLLOTON, and GRUENDER, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Joe Phillips, building commissioner and Auxiliary Reserve Police Officer for Velda City, Missouri, stopped Jennifer Johnson's vehicle, arrested her, and searched her car. Johnson presented evidence that Phillips then directed her to follow him to an empty parking lot, and that he sexually assaulted her. Johnson sued Philips under

42 U.S.C. § 1983 for violations of her constitutional rights. The district court concluded that Phillips was not entitled to qualified immunity and denied his motion for summary judgment. Phillips appeals, and we affirm in part, reverse in part, and remand for further proceedings. Because the case arises from a motion for summary judgment, we consider the facts in the light most favorable to Johnson, the non-movant.

## I.

On the evening of July 9, 2006, Phillips was patrolling in a marked police car while wearing a Velda City police uniform. As an Auxiliary Reserve Police Officer, he lacked authority under state law to conduct a traffic stop or arrest. Phillips nonetheless signaled Johnson to stop.

Johnson had not committed any traffic violation, but Phillips allegedly stopped her because she had left a location known for narcotics sales. After Johnson admitted to Phillips that there was an outstanding municipal traffic warrant against her for running a stop sign, Phillips arrested her. He handcuffed her and placed her in the back of his patrol car. He then proceeded to search Johnson's purse and vehicle, including the passenger compartment, glove box, and trunk. During the search, Phillips concluded that Johnson was homeless and living in her automobile. He released her from his patrol car and offered to provide her with information about homeless shelters in the area.

After releasing Johnson, Phillips "asked" if Johnson would follow him in her car, stating that "you need to follow me." He said that he had more information to give her about shelters. She followed him for three minutes until they reached an empty parking lot. Once in the lot, Phillips pressed his body up against Johnson's and began making comments about her genitals. He pulled Johnson's shorts and underwear to the side, and proceeded to take pictures of her genitals with his cellular telephone. He also penetrated her vagina with his finger.

-2-

Phillips was charged in a criminal case with depriving Johnson of her civil rights, in violation of 18 U.S.C. § 242. He pleaded guilty and was sentenced to 263 months' imprisonment.

Johnson brought this civil action against Phillips. She alleged that the stop, arrest, and search violated her constitutional right under the Fourth and Fourteenth Amendments to be free from unreasonable search and seizure, because (1) she was stopped without reasonable suspicion, (2) the arrest was not supported by probable cause, and (3) the search was not incident to a lawful arrest. She further alleged that Phillips violated a substantive due process right to bodily integrity when he sexually assaulted her. Phillips moved for summary judgment, claiming that he was entitled to qualified immunity. The district court denied Phillips's motion, and he now appeals.

II.

We have jurisdiction to review the district court's denial of qualified immunity under the collateral order doctrine, *see Johnson v. Jones*, 515 U.S. 304, 317 (1995), and we consider it *de novo*, viewing the evidence in the light most favorable to Johnson. *Gardner v. Bd. of Police Comm'rs for Kansas City, Mo.*, 641 F.3d 947, 950 (8th Cir. 2011). In determining whether a government official is entitled to qualified immunity, we ask (1) whether the facts alleged establish a violation of a constitutional or statutory right and (2) whether that right was clearly established at the time of the alleged violation, such that a reasonable official would have known that his actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

This case also implicates another aspect of qualified-immunity analysis. In *Hawkins v. Holloway*, 316 F.3d 777 (8th Cir. 2003), this court held that an official acting outside the clearly established "scope of his discretionary authority is not entitled to claim qualified immunity under § 1983." *Id.* at 788. In rejecting a sheriff's contention that he was entitled to qualified immunity for threatening his employees

with a firearm, *Hawkins* adopted the reasoning of *In re Allen*, 106 F.3d 582 (4th Cir. 1997).

Drawing on Supreme Court precedent and the common law principles underlying qualified immunity, the Fourth Circuit in *Allen* said "it was well recognized at common law that a government official who exceeded his authority enjoyed no immunity." *Id.* at 592; *see also Butz v. Economou*, 438 U.S. 478, 495 (1978) (stating that qualified immunity does not "abolish the liability of federal officers for actions manifestly beyond their line of duty"). The court thus held that "an official who performs an act clearly established to be beyond the scope of his discretionary authority is not entitled to claim qualified immunity under § 1983." *Allen*, 106 F.3d at 593. In *Allen*, a state attorney general was not entitled to qualified immunity for organizing a corporation, because it was clearly established that this activity was outside the scope of his authority. *Id*. at 598. Several other circuits have adopted a similar approach. *See, e.g*., *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1265-67 (11th Cir. 2004) ("We ask whether the government employee was (a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize."); *Shechter v. Comptroller of N.Y.*, 79 F.3d 265, 268-70 (2d Cir. 1996) (to enjoy qualified immunity, "the defendant must show that the conduct of which the plaintiff complains falls within the scope of the defendant's official duties"); *Merritt v. Mackey*, 827 F.2d 1368, 1372-73 (9th Cir. 1987); *see also Mackey v. Dyke*, 29 F.3d 1086, 1095 (6th Cir. 1994) ("[T]he defendants bear the initial burden of coming forward with facts that show they were acting within their discretionary authority at the time in question.").

## A.

Johnson first asserts that Phillips violated her right to be free from unreasonable seizures by detaining her without reasonable suspicion. Johnson has alleged sufficient facts to establish that Phillips lacked reasonable suspicion to seize her. To justify a traffic stop under *Terry v. Ohio*, 392 U.S. 1 (1968), a "police officer must be able to

point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant" the stop. *Id.* at 21. Phillips has presented only one justification for the stop: that Johnson was leaving "a location known for narcotics sales." That Johnson had turned off a street known for drug sales is not sufficient to establish reasonable suspicion that she was engaged in criminal conduct. *See Brown v. Texas*, 443 U.S. 47, 52 (1979). It was well-known at the time of the incident that an investigatory stop is valid only if "police officers have a reasonable and articulable suspicion that criminal activity may be afoot." *United States v. Navarrete-Barron*, 192 F.3d 786, 790 (8th Cir. 1999). And it was clearly established that a person's presence in a suspicious location does not, in and of itself, provide law enforcement with a reasonable, articulable suspicion. *See, e.g.*, *Brown*, 443 U.S. at 52. The district court thus properly denied Phillips qualified immunity on this claim.

B.

Phillips next contends that the district court should have dismissed Johnson's claim that Phillips unlawfully arrested her. On this point, we must agree with Phillips. Johnson admitted to Phillips that there was an outstanding warrant for her arrest. As such, there was probable cause to arrest Johnson, and her arrest by a city official did not violate the Fourth Amendment. *See United States v. Willis*, 967 F.2d 1220, 1224 (8th Cir. 1992).

Johnson argues that Phillips could not rely on information gleaned during an unconstitutional stop to justify the subsequent arrest. Just this year, however, this court quoted the Seventh Circuit's observation that "'[i]t would be startling to suggest that because the police illegally stopped an automobile, they cannot arrest an occupant who is found to be wanted on a warrant.'" *United States v. Faulkner*, 636 F.3d 1009, 1015 (8th Cir. 2011) (quoting *United States v. Green*, 111 F.3d 515, 521 (7th Cir. 1997)), *cert. denied*, No. 11-235, 2011 WL 3794361 (U.S. Nov. 28, 2011). We adhere to that view and conclude that the arrest of Johnson based on an outstanding warrant complied with the Fourth Amendment.

-5-

That Phillips lacked authority under state law to make an arrest does not establish that his conduct violated the Fourth Amendment. In *Virginia v. Moore*, 553 U.S. 164 (2008), the Supreme Court held that the protections of the Fourth Amendment do not turn on the applicability of state law. *Id.* at 171-76. The court expressed concern that linking Fourth Amendment protections to state law would cause them to "vary from place to place and from time to time." *Id*. at 176 (internal quotation omitted). The outstanding warrant gave Phillips probable cause to arrest Johnson, and that probable cause satisfied the Fourth Amendment. *See Tanberg v. Sholtis,* 401 F.3d 1151, 1159-60 (10th Cir. 2005).

For these reasons, Johnson cannot show that Phillips violated a constitutional right to be free from arrest without probable cause, and the district court should have dismissed her claim of unlawful arrest.

C.

Johnson's next claim is that Phillips searched her car without probable cause in violation of the Fourth Amendment. We conclude that the search alleged by Johnson violated the Fourth Amendment, and that Phillips is not entitled to qualified immunity.

An arresting officer may search the passenger compartment of a vehicle after an arrest only "when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search" or when it "is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Arizona v. Gant*, 129 S. Ct. 1710, 1719 (2009). An officer may search the trunk of such a vehicle based on probable cause under the "automobile exception" to the warrant requirement. *See Pennsylvania v. Labron*, 518 U.S. 938, 939-40 (1996) (per curiam). None of these criteria was satisfied here. Johnson was safely in the back of the squad car when Phillips searched her vehicle, and there was no reason to believe that evidence of

Johnson's traffic offense or any other offense would be found in her car. The search of the car and its contents violated the Fourth Amendment.

The search of the trunk violated clearly established law. There was no arguable authority to search a trunk of a vehicle incident to arrest. *New York v. Belton*, 453 U.S. 454, 460 n.4 (1981). No reasonable officer would have believed that he had probable cause to do so under the automobile exception in this case. On this basis alone, Phillips has no qualified immunity for the search of the trunk.

If Phillips were a police officer with arguable authority to conduct searches incident to arrest, then he would have qualified immunity for the search of the passenger compartment. As of 2006, before the Supreme Court's decision in *Gant*, this court's interpretation of the Fourth Amendment in light of *Belton* established a bright-line rule that officers could search the passenger compartment of a vehicle incident to arrest. *See United States v. Hrasky*, 453 F.3d 1099, 1100 (8th Cir. 2006). A police officer with appropriate authority who relied on pre-*Gant* precedent to conduct a search before April 2009 is entitled to qualified immunity. *Gant*, 129 S. Ct. at 1722 n.11.

Phillips is not entitled to qualified immunity for the search of the passenger compartment, however, because he acted outside the clearly established boundaries of his authority as an Auxiliary Reserve Police Officer. *See Hawkins*, 316 F.3d at 788. Of course, not every improper exercise of duties or violation of law eliminates qualified immunity. The dispositive question in evaluating the availability of immunity is "whether the act complained of, if done for a proper purpose, would be within, or reasonably related to, the outer perimeter of an official's discretionary duties." *In re Allen*, 106 F.3d at 594. It is clear that Phillips's act of searching the car was not. Phillips's position as Auxiliary Reserve Police Officer did not grant him the power to arrest or search incident to arrest. Velda City Ordinance § 200.110(5) states that reserve officers have no power to arrest beyond that of any other citizen, and Phillips acknowledged this limitation in his deposition. With Phillips standing in the

-7-

same shoes as any other citizen, it was clearly established that he had no authority under state or local law to arrest persons believed to have committed traffic offenses. *State v. Devlin*, 745 S.W.2d. 850, 852 (Mo. Ct. App. 1988). And Phillips likewise clearly lacked authority to conduct a search incident to an arrest that he was not authorized to make. We therefore conclude that Phillips is not entitled to qualified immunity on Johnson's claim for unlawful search of her vehicle.

D.

Johnson's final constitutional claim is that Phillips violated her substantive due process right to bodily integrity. As of 2006, it was clearly established in this circuit that the commission of a sexual assault by a government official acting under color of law constitutes a violation of due process that shocks the conscience. *Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 796 (8th Cir. 1998); *Haberthur v. City of Raymore, Mo.*, 119 F.3d 720, 723 (8th Cir. 1997). Johnson alleges that Phillips pushed her up against the hood of her car, pulled her shorts and underwear to the side, took pictures of her genitals with his cellular phone, and penetrated her vagina with his finger. These allegations constitute "an egregious, nonconsensual entry into the body which was an exercise of power without any legitimate governmental objective." *Rogers*, 152 F.3d at 797. Any reasonable officer would have known that these actions violated clearly established law.

Phillips contends that he did not commit a constitutional violation because he was not acting under color of law at the time of the alleged sexual assault. In his view, once he removed Johnson's handcuffs, everything that followed—the conversation about homeless shelters, the drive to a second location, and the assault itself—occurred while he was acting in his capacity as a civilian, not as a city official.

Assuming for the sake of analysis that Phillips is not collaterally estopped by his guilty plea to a violation of 18 U.S.C. § 242 from relitigating whether he acted under color of law, *cf. Roe v. City of Waterbury*, 542 F.3d 31, 41 (2d Cir. 2008);

-8-

*Vennes v. An Unknown Number of Unidentified Agents*, 26 F.3d 1448, 1452 (8th Cir. 1994), there is sufficient evidence from which a reasonable jury in this civil case could find that Johnson has proved the "color of law" element of her claim. Generally speaking, a public employee acts under color of law when he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotation omitted). The element is satisfied if the defendant acts or purports to act in the performance of official duties, even if he oversteps his authority and misuses power. *Dossett v. First State Bank*, 399 F.3d 940, 948 (8th Cir. 2005).

Here, Phillips first effected a traffic stop, arrested Johnson on an outstanding warrant, and searched her car. Then, while wearing a police uniform and operating a police car, he released Johnson from the patrol car and directed her to follow him in her car. A reasonable factfinder believing these facts could conclude that Phillips was purporting to act as a police officer performing official duties when he led Johnson to the empty parking lot and committed the sexual assault. The district court thus properly rejected Phillips's motion to dismiss this claim.

\*     \*     \*

For the foregoing reasons, we affirm in part, reverse in part, and remand for further proceedings.

_____