# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2259

_____

Bernard Jones; Alcohol and Drug  &ast;
Counseling Services, LLC; Healing &ast;
Circle Recovery Community, Inc., &ast;
 &ast;
   Appellees,   &ast; Appeal from the United States
        &ast; District Court for the
  v.      &ast; District of Nebraska.
        &ast;
Rick McNeese, Dr., Nebraska  &ast;
Department of Correctional Services, &ast;
Assistant Administrator of Behavioral &ast;
Health-Substance Abuse, Individually, &ast;
        &ast;
   Appellant.   &ast;

_____

Submitted: November 15, 2011
Filed:  March 29, 2012

_____

Before RILEY, Chief Judge, BEAM, and BYE, Circuit Judges.

_____

BEAM, Circuit Judge.

In this interlocutory appeal, Dr. Rick McNeese appeals the district court's denial of his motion for summary judgment on the basis of qualified immunity.  We remand the case to the district court for a more complete articulation of its analysis of Dr. McNeese's motion for summary judgment based on qualified immunity.

## I.    BACKGROUND

The Nebraska Department of Correctional Services (the Department) employed Bernard Jones as a correctional officer and a chemical dependency counselor from 1991 until his retirement in 2007. After leaving the Department, Jones opened two businesses, Alcohol and Drug Services, LLC, and Healing Circle Recovery Community, Inc. Two separate state-funded voucher programs–one administered through the Department and one through the Nebraska Supreme Court's Office of Probation–provided the primary sources of revenue for these businesses. Via these programs, persons at various stages of progression through Nebraska's criminal justice system were issued vouchers which allowed them to obtain chemical dependency treatment from a registered provider. Appellant Dr. McNeese served as the Department's assistant administrator of behavioral health-substance abuse from July 2005 until October 2009. During part of that time, Dr. McNeese managed the Department's voucher program.

In June 2009, Dr. McNeese received a report that Jones had engaged in questionable activity with regard to the Department's voucher program. Subsequently, Dr. McNeese informed Jones and personnel at the Office of Probation that he was discontinuing vouchers to Alcohol and Drug Services pending further investigation. Jones, an African-American, and his two business entities commenced action against Dr. McNeese, alleging statutory and constitutional violations under 42 U.S.C. § 1983. Specifically, Jones alleged that due to unlawful race discrimination, Dr. McNeese violated 42 U.S.C. § 1981[1] and deprived Jones of equal protection

---

[1]Section "1981 prohibits racial discrimination in 'all phases and incidents' of a contractual relationship." Gregory v. Dillard's, Inc., 565 F.3d 464, 468 (8th Cir. 2009) (en banc) (quoting Rivers v. Roadway Express, Inc., 511 U.S. 298, 302 (1994)). When raised directly against a state actor, a § 1981 claim must be brought under § 1983. Lockridge v. Bd. of Trs. of the Univ. of Ark., 315 F.3d 1005, 1007

afforded by the Fourteenth Amendment. Jones also alleged that Dr. McNeese's conduct stigmatized Jones, precluding him from gaining future employment as an alcohol and drug counselor, which constituted a deprivation of Jones's liberty interest without due process of law. Dr. McNeese moved to dismiss Jones's claims on the basis of qualified immunity, among other things, and, later, moved for summary judgment on the same basis. The district court denied both motions. Dr. McNeese appeals the district court's denial of summary judgment based on qualified immunity**.**

## II.    DISCUSSION

### A.    Jurisdiction

Before addressing the substantive arguments in this case, we must first consider whether we have jurisdiction over this interlocutory appeal. "[A]n order denying qualified immunity is immediately appealable even though it is interlocutory; otherwise, it would be effectively unreviewable." Scott v. Harris, 550 U.S. 372, 376 n.2 (2007) (internal quotation omitted). However, this rule has limitations. A defendant may appeal an order denying summary judgment based on qualified immunity only "to the extent that it turns on an issue of law." Fields v. Abbott, 652 F.3d 886, 889-90 (8th Cir. 2011). A defendant may not appeal an order "insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." Johnson v. Jones, 515 U.S. 304, 320 (1995). This latter order is not deemed a "final decision," and thus appellate courts lack jurisdiction to hear such evidentiary-based appeals. Id. at 313; see also 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all *final decisions* of the district courts of the United States . . . ." (emphasis added)). Recognizing this legal/factual dichotomy affecting jurisdiction, we must evaluate the issues raised by Dr. McNeese

---

(8th Cir. 2003) (en banc). Thus, § 1983 provided the gateway for all of Jones's claims in this case.

to "determine whether he is simply arguing that the plaintiff offered insufficient evidence to create a material issue of fact," or whether this appeal involves only an issue of law considered on facts favorable to Jones. White v. McKinley, 519 F.3d 806, 813 (8th Cir. 2008).

Dr. McNeese raises several issues in this interlocutory appeal. But, after carefully considering Dr. McNeese's various arguments, we conclude he principally challenges the district court's application of qualified immunity principles to the established summary judgment facts. Because this raises a legal issue that does not "require us to resolve any disputed issues of evidentiary sufficiency," we have jurisdiction. Heartland Acad. Cmty. Church v. Waddle, 595 F.3d 798, 806 (8th Cir. 2010). To the limited extent that Dr. McNeese also argues that the summary judgment evidence does not establish a "'genuine' issue of fact for trial," we lack jurisdiction to review the challenge. Johnson, 515 U.S. at 320. With respect to the legal issue presented, we review the district court's denial of summary judgment de novo. Johnson v. Phillips, 664 F.3d 232, 236 (8th Cir. 2011).

## B. Qualified Immunity

To determine if Dr. McNeese is entitled to qualified immunity, we must conduct a two-step inquiry: "(1) [whether] the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) [whether] the right was clearly established at the time of the deprivation." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (quotation omitted). For the purposes of step two, "clearly established" means "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). Either step of the qualified immunity inquiry may be addressed first. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

Because qualified immunity "is an *immunity from suit* rather than a mere defense to liability[,] . . . it is effectively lost if a case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). For this reason, qualified immunity cases are somewhat unique in that "the court should [not] deny summary judgment any time a material issue of fact remains on the [constitutional violation] claim [because to do so] could undermine the goal of qualified immunity." Brockinton v. City of Sherwood, Ark., 503 F.3d 667, 671 (8th Cir. 2007) (internal quotation omitted) (second and third alterations in original). Indeed, "the court must take a careful look at the record, determine which facts are genuinely disputed, and then view those facts in a light most favorable to the non-moving party as long as those facts are not so 'blatantly contradicted by the record . . . that no reasonable jury could believe [them].'" O'Neil v. City of Iowa City, Iowa, 496 F.3d 915, 917 (8th Cir. 2007) (quoting Scott, 550 U.S. at 380) (alterations in original). Then, on substantive review, we look at "whether the official is entitled to qualified immunity based on the summary judgment facts as described by the district court." Nelson v. Shuffman, 603 F.3d 439, 446 (8th Cir. 2010) (quotation omitted).

Previously, we have rejected attempts to enter truncated orders that did not provide a "thorough determination of [the defendant's] claim of qualified immunity." O'Neil, 496 F.3d at 918. For example, in O'Neil, we observed that with a generous reading, the summary judgment order arguably (though doubtfully) contained a finding that the plaintiff established a constitutional violation–step one of the qualified immunity inquiry. Id. However, the order contained absolutely no discussion concerning step two–whether reasonable officials in the position of the defendant would have known they violated the plaintiff's constitutional rights. Id. Accordingly, we remanded the case for a more detailed qualified immunity analysis because "the cursory commentary advanced by the district court" was insufficient to provide a basis for us to affirm or reverse denial of qualified immunity. Id.

We again recognized the importance of a thorough qualified immunity analysis in Katosang v. Wasson-Hunt, 392 F. App'x 511, 513 (8th Cir. 2010) (per curiam) (unpublished). There, we rejected the district court's order that "denied qualified immunity on the basis of the existence of disputed facts, declining to undertake either of the . . . qualified immunity inquiries." Id. Furthermore, we noted that "[t]he district court's analysis . . . [was] more truncated than that of the district court in O'Neil," and therefore a more thorough analysis was required on remand. Id. at 514.

In the present case, aside from articulating general summary judgment principles, the district court engaged in an analysis which, in its entirety, provided:

> Viewing the evidence in the light most favorable to the plaintiff, the court finds the defendant is not entitled to summary judgment on the plaintiffs' race discrimination claims. The evidence does not support a finding that the defendant is entitled to judgment as a matter of law. The court has reviewed the evidence submitted by the parties and finds that a reasonable juror could draw an inference of discrimination from the defendant's actions, if credited. This determination is a fact issue that should be submitted to a jury. The court's review of the documents submitted in support of and opposition to the defendant's motion show that there are genuine issues of material fact with respect to the elements of the plaintiffs' claims. Resolution of the issues will require assessments of credibility. Further, for the reasons stated in this court's Memorandum and Order on the defendant's motion to dismiss, the court finds the defendant is not entitled to summary judgment on the basis of qualified immunity. Accordingly, the court finds the defendant's motion for summary judgment should be denied.

Although recognizing the district court's analysis is "perhaps inartfully stated," Jones argues that the analysis in the summary judgment order is sufficient because the court referenced its prior order denying Dr. McNeese's motion to dismiss, where the court thoroughly examined qualified immunity. We disagree.

-6-

In this case, the district court's analysis on qualified immunity is no more thorough or informative than the orders we rejected in O'Neil and Katosang.  Indeed, we find it difficult to discern from the order whether the district court applied either step of the qualified immunity inquiry to the claims alleged by the plaintiff(s).[2]  And, the passing reference to the previous denial order does not provide more clarity because the district court did not consider summary judgment facts at that stage in the proceedings.  See Behrens v. Pelletier, 516 U.S. 299, 309 (1996) ("At that earlier stage, it is the defendant's conduct as alleged in the complaint that is scrutinized for 'objective legal reasonableness.'  On summary judgment, however, the plaintiff can no longer rest on the pleadings, and the court looks to the evidence before it . . . ." (internal citation omitted)).  Accordingly, drawing upon the reasoning in O'Neil and Katosang, we conclude the district court's analysis was far too "'abbreviated,'" "'terse,'" and "'not laid out step-by-step,'" undermining the mandate that requires district courts to make "a thorough determination of [the defendant's] claim of qualified immunity."  O'Neil, 496 F.3d at 918.

---

[2]Not only is it unclear whether both steps of qualified immunity were applied to each claim, it is equally unclear who is alleging the claims and seeking to recover. The complaint's caption contains Jones and his two business entities, but all allegations have been alleged as involving a single "Plaintiff."  The district court appears to have assumed that Jones and his business entities asserted the three claims together, as it determined "defendant is not entitled to summary judgment on the *plaintiffs'* race discrimination claims." (emphasis added).  We question, however, whether each plaintiff has standing to assert each distinct claim under § 1983. See Potthoff v. Morin, 245 F.3d 710, 717 (8th Cir. 2001) (adopting shareholder standing rule for § 1983 claims; allowing shareholder standing separate from corporation only when "he personally has suffered a direct, nonderivative injury"); see also Danco, Inc. v. Wal-Mart Stores, Inc., 178 F.3d 8, 14 (1st Cir. 1999) ("Nothing in section 1981 provides a personal claim, so far as its language is concerned, to one who is merely *affiliated*–as an owner or employee–with a contracting party that is discriminated against by the company that made the contract.").  Given the disposition of this case, that is a matter the district court may address on remand.

The Supreme Court has recognized that because it is "extremely helpful to a reviewing court," a district court "presumably will often state" "the facts that [it] assumed when it denied summary judgment." Johnson, 515 U.S. at 319 (internal quotation omitted). Here, the district court declined to articulate any facts. We make clear, however, that our decision to remand is not based on this failure–that is, that the lack of these facts may require us to "undertake a cumbersome review of the record to determine what facts the district court, in the light most favorable to the nonmoving party, likely assumed." Id. Rather, we remand because the analysis is so scant that we are unable to discern if the district court even applied both steps of the qualified immunity inquiry to all of the summary judgment claims. And, ultimately, if qualified immunity is to mean anything at all, Dr. McNeese was entitled to a more thorough determination of his claim of qualified immunity at the summary judgment stage. O'Neil, 496 F.3d at 918. Therefore, as we have previously explained, "we can neither affirm nor reverse the denial of qualified immunity based on the cursory commentary advanced by the district court in its denial order." Id.

## III.  CONCLUSION

Accordingly, we vacate and remand this case to the district court for a more detailed consideration and explanation of the validity, or not, of the defendant's claim to qualified immunity.

BYE, Circuit Judge, dissenting.

Because I believe the district court's order is sufficient to enable a meaningful appellate review, I respectfully dissent from the majority's decision to remand the case for a more detailed analysis on the qualified immunity claim.

The majority states it is "difficult to discern from the order whether the district court applied either step of the qualified immunity inquiry." Ante, at 7. In denying

-8-

defendant's motion for summary judgment, the district court stated: "[F]or the reasons stated in th[e] court's Memorandum Opinion and Order on the defendant's motion to dismiss, the court finds the defendant is not entitled to summary judgment on the basis of qualified immunity." Mem. Op. & Order Den. Mot. Summ. J., 4:09-CV-3264, at 4 (D. Neb. June 6, 2011). After reviewing the court's qualified immunity analysis, as laid out in its order on the motion to dismiss, I am convinced the court properly applied both steps of the qualified immunity inquiry and adequately explained its decision to allow appellate review. See Mem. Op. & Order Den. Mot. Dismiss, 4:09-CV-3264, at 8-9 (D. Neb. May 10, 2010) (outlining the two-step qualified immunity analysis and concluding defendant is not entitled to qualified immunity because plaintiff sufficiently alleged a violation of his clearly established constitutional right to be free of race discrimination).

Moreover, to the extent the majority suggests the qualified immunity analysis in the court's prior order is unhelpful "because the district court did not consider summary judgment facts at that stage in the proceedings," ante, at 7, the majority fails to account for the fact the district court denied summary judgment on the basis of qualified immunity only after it had considered evidence beyond the pleadings. In fact, the court specifically noted it had reviewed "the documents submitted in support of and opposition to the defendant's motion" for summary judgment. Mem. Op. & Order Den. Mot. Summ. J., 4:09-CV-3264, at 4 (D. Neb. June 6, 2011).

After examining all the evidence, the district court concluded "there are genuine issues of material fact with respect to the elements of the plaintiffs' claims," which preclude summary judgment at this stage. Id. It is this evidentiary sufficiency determination the defendant is now contesting on appeal. However, when an interlocutory appeal challenges the district court's determination "the pretrial record sets forth a 'genuine' issue of fact for trial," we lack jurisdiction to hear the appeal. Mahamed v. Anderson, 612 F.3d 1084, 1086 (8th Cir. 2010); see also Behrens v. Pelletier, 516 U.S. 299, 313 (1996) (holding "determinations of evidentiary

sufficiency at summary judgment are not immediately appealable merely because they happen to arise in a qualified-immunity case").

Accordingly, I would dismiss the appeal for lack of jurisdiction.

_____