# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1743
_____

Fred Watson

*Plaintiff – Appellee*

v.

Eddie Boyd, III; City of Ferguson, Missouri

*Defendants - Appellants*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 16, 2021
Filed: June 30, 2021

_____

Before SHEPHERD, ERICKSON, and KOBES, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

After he was cited at a Ferguson, Missouri park, Fred Watson brought claims under 42 U.S.C. § 1983 against Officer Eddie Boyd and the City of Ferguson (the City) for violations of Watson's First, Fourth, and Fourteenth Amendment rights. The district court found that Officer Boyd was not entitled to qualified immunity and accordingly denied Officer Boyd and the City's joint motion for summary judgment. Officer Boyd and the City appeal. Having jurisdiction over the claims against

Officer Boyd under the collateral order doctrine, we vacate the district court's order denying Officer Boyd and the City's joint motion for summary judgment and remand so that the district court may further consider Officer Boyd's asserted entitlement to qualified immunity. Further, we dismiss the City's appeal for lack of jurisdiction.

I.

This case arises out of a police interaction between Watson and Officer Boyd at a Ferguson, Missouri park. Officer Boyd seized Watson, searched Watson's vehicle, pointed his gun at Watson for roughly ten seconds, and ultimately cited Watson with the following nine violations: (1) driving without a driver's license; (2) driving without insurance; (3) having illegal windshield tint; (4) failing to register his vehicle in Missouri; (5) failing to display an inspection sticker; (6) failing to wear a seat belt; (7) possessing an expired Missouri license; (8) failing to comply; and (9) making a false statement.[1]

Watson filed suit, asserting claims against Officer Boyd under 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendments rights to be free from unlawful searches, seizures, and force; his First Amendment right to be free from retaliation for requesting Officer Boyd's name and badge number; and his Fourth and Fourteenth Amendment right to be free from malicious prosecution. Watson also asserted Monell[2] claims under § 1983 against the City for maintaining a custom of unconstitutional conduct by police officers; failing to adequately screen Officer Boyd during the hiring process; inadequately training Officer Boyd; and failing to supervise or discipline Officer Boyd. Officer Boyd and the City filed a joint motion for summary judgment and a separate joint motion to strike certain materials not at issue on appeal. The district court found that Officer Boyd is not entitled to qualified immunity on Watson's claims of unlawful seizure, search, force,

---

[1]Officer Boyd issued the first seven citations on the scene; he issued the latter two after the fact.

[2]Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

and retaliation because the parties disputed the facts in their entirety and a reasonable jury could find in favor of Watson. On Watson's malicious prosecution claim, the district court granted summary judgment in favor of Officer Boyd on the basis that he was entitled to qualified immunity, finding that this Court has yet to recognize such a claim under § 1983.[3] Finally, the district court generally denied the City summary judgment on Watson's <u>Monell</u> claims because it found that Officer Boyd was not entitled to qualified immunity for the underlying conduct. Although it granted summary judgment to the City on Watson's inadequate-training claim, the district court found that a reasonable jury could find that the City had maintained a custom of unconstitutional conduct, failed to screen Officer Boyd, and failed to supervise or discipline Officer Boyd. Accordingly, it denied the City's request for summary judgment on those claims. Officer Boyd and the City appeal the district court's denial of qualified immunity and summary judgment.

## II.

As an initial matter, Watson contends that this Court lacks jurisdiction to review Officer Boyd's appeal because the district court denied summary judgment on the basis that genuine issues of material fact exist, and we lack jurisdiction to review whether an issue is genuine. "At summary judgment, qualified immunity shields a law enforcement officer from liability in a § 1983 action unless: '(1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation.'" <u>Stark v. Lee Cnty.</u>, 993 F.3d 622, 625 (8th Cir. 2021) (citation omitted). "[I]f there is a genuine dispute concerning predicate facts material to the qualified immunity issue," a district court must deny summary judgment. <u>Morris v. Zefferi</u>, 601 F.3d 805, 808 (8th Cir. 2010) (alteration in original) (citation omitted). A district court's denial of a motion for summary judgment on the basis of qualified immunity is appealable under the "collateral order" doctrine, <u>see</u> <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 530 (1985), but our

_____

[3]This claim is not before this Court on appeal.

jurisdiction is limited. We lack jurisdiction to review "whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." Johnson v. Jones, 515 U.S. 304, 320 (1995); see also Thurmond v. Andrews, 972 F.3d 1007, 1011 (8th Cir. 2020). Rather, our jurisdiction allows us to review orders denying qualified immunity to the extent "they resolve a dispute concerning an 'abstract issu[e] of law' relating to qualified immunity." Behrens v. Pelletier, 516 U.S. 299, 313 (1996) (alteration in original) (citation omitted).

Here, Officer Boyd contends that the district court failed to conduct a proper qualified immunity analysis on both prongs. First, Officer Boyd argues that the genuine issues that the district court found precluded summary judgment were not "material" to Watson's claims, particularly Officer Boyd's entitlement to qualified immunity. While we lack jurisdiction under Johnson to review whether the issues are "genuine," whether the issues are "material"—that is, whether the facts in contention "might affect the outcome of the suit under governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)—is a legal question reviewable under our limited jurisdiction. See New v. Denver, 787 F.3d 895, 899 (8th Cir. 2015). Second, Officer Boyd contends that the district court failed to adequately consider whether Watson's rights, if deprived by Officer Boyd's conduct, were clearly established at the time of the incident. See Appellant's Br. at 24 ("More significantly, neither Watson, nor the District Court, identified any clearly established case law (either in the form of controlling authority or any robust consensus of persuasive authority) that would have placed the various constitutional challenges raised by Watson beyond debate at the time of the stop."). Whether the district court upheld "its threshold duty to make 'a thorough determination of [a law enforcement officer's] claim of qualified immunity'" is a legal question that we may review even under our limited jurisdiction. See N.S. v. Kan. City Bd. of Police Comm'rs, 933 F.3d 967, 970 (8th Cir. 2019) (reviewing the adequacy of the district court's qualified immunity analysis under limited jurisdiction); see also, e.g., Jones v. McNeese, 675 F.3d 1158, 1162-63 (8th Cir. 2012) (same); O'Neil v. City of Iowa City, 496 F.3d 915, 918 (8th Cir. 2007) (same). Because neither of these issues

"'require us to resolve any disputed issues of evidentiary sufficiency,' we have jurisdiction." See Jones, 675 F.3d at 1161 (citation omitted).

## III.

First, Officer Boyd claims that the district court erred by finding that the genuine issues of fact were material to determining whether his conduct violated Watson's constitutional rights. When reviewing a law enforcement officer's entitlement to qualified immunity at summary judgment, a district court "must take a careful look at the record, determine which facts are genuinely disputed, and then view those facts in a light most favorable to the non-moving party as long as those facts are not so 'blatantly contradicted by the record . . . that no reasonable jury could believe [them].'" O'Neil, 496 F.3d at 917 (alterations in original) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)). However, a district court cannot deny summary judgment by merely finding that genuine issues of fact exist; those issues must also be material—that is, affecting the outcome of the suit under the applicable law. See Anderson, 477 U.S. at 248; see also K.W.P. v. Kan. City Pub. Schs., 931 F.3d 813, 821 (8th Cir. 2019) ("The mere existence of some factual dispute is not enough to defeat this [C]ourt's jurisdiction over an interlocutory appeal: If the disputed facts are not material to this legal question, 'the denial of summary judgment is [immediately] reviewable as a question of law.'" (second alteration in original) (citation omitted)).

While Officer Boyd asks this Court to review the district court's materiality determination on the merits, we find that the district court's order failed to address materiality in a manner "sufficient to permit meaningful appellate review of the qualified immunity decision." Walton v. Dawson, 752 F.3d 1109, 1116 (8th Cir. 2014) (citation omitted). "Because qualified immunity is 'an immunity from suit rather than a mere defense to liability'" and "is effectively lost if a case is erroneously permitted to go to trial," Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Mitchell, 472 U.S. at 526), law enforcement officers are at least "entitled to a thorough determination of their claim of qualified immunity if that immunity is

-5-

to mean anything at all." O'Neil, 496 F.3d at 918.  When, as here, the district court stops short of addressing the materiality of the genuine issues of fact, it essentially fails to carry out its "threshold duty," and remand for additional explanation is most appropriate.  See N.S., 933 F.3d at 970 (remanding for a more thorough qualified immunity analysis when the district court "did little more than summarize the parties' allegations and decide that the combination of a '*general . . .* right to be free from excessive force' and the presence of 'genuine issues of material fact[]' precluded summary judgment" (alterations in original)); see also Jones, 675 F.3d at 1163 (remanding when the district court's analysis was "so scant" that this Court was "unable to discern if the district court even applied both steps of the qualified immunity inquiry to all of the summary judgment claims"); O'Neil, 496 F.3d at 918 (remanding when the district court provided only "a truncated analysis" that contained "absolutely no discussion" of the clearly established prong).

When analyzing the first prong of the qualified immunity inquiry—whether Officer Boyd's actions violated Watson's constitutional rights—the district court set forth in detail the parties' numerous factual disputes, and we are without jurisdiction to determine whether these disputes are genuine.  See Walton, 752 F.3d at 1116. However, the district court did not test Watson's version of the facts against the substantive law to determine whether these disputes are material.  When discussing Watson's Fourth Amendment seizure claim, the district court commenced its analysis by citing case law that outlined the general legal standards for probable cause and reasonable suspicion, but it largely failed to apply this case law, or more analogous cases, to Watson's version of the facts.  For example, while Officer Boyd cited Watson for excessive windshield tint and the district court found that the existence of such tint was in dispute among the parties, the district court failed to explain how this dispute is material to the initial stop's probable cause or reasonable suspicion inquiry in light of other undisputed facts, e.g., Watson's vehicle's side window tint and the absence of a front license plate.  The fact that Officer Boyd cited Watson only for excessive *windshield* tint does not eliminate the other facts from the probable cause and reasonable suspicion analyses, i.e., what Officer Boyd "reasonably knew at the time" of the initial stop.  See United States v. Williams, 929

F.3d 539, 544 (8th Cir. 2019) (citation omitted).  Without further explanation, we are only able to speculate about rather than review the district court's decision.  See Walton, 752 F.3d at 1116 ("District courts must make reasoned 'findings of fact and conclusions of law' sufficient to permit meaningful appellate review of the qualified immunity decision." (citation omitted)).

The district court also failed to conduct the materiality inquiry by framing legal questions as factual ones.  For example, on multiple occasions the district court held that genuine fact disputes existed as to whether Officer Boyd had probable cause or reasonable suspicion.  However, whether probable cause or reasonable suspicion existed is a legal question that the district court must resolve, construing the genuine fact disputes in the light most favorable to the non-moving party.  See Odom v. Kaizer, 864 F.3d 920, 923 (8th Cir. 2017) ("Whether probable cause existed is a legal question . . . ." (citation omitted)); United States v. McLemore, 887 F.3d 861, 864 (8th Cir. 2018) (reviewing the existence of reasonable suspicion as a question of law).  Similarly, when analyzing the basis for the seat belt citation, the district court held that a jury would have to determine whether Watson was "operating" his vehicle—an element of the crime under Missouri law[4]—when the vehicle was merely "parked in a parking lot while idling."  But whether those undisputed facts fit the definition of "operating" is a legal question.  See generally Cox v. Dir. of Revenue, 98 S.W.3d 548 (Mo. 2003) (en banc) (reviewing, as a question of law, whether an individual was "operating" the vehicle when he was sitting in a parked, idling vehicle).

As noted, the district court's failure to properly address the materiality of the factual disputes largely occurred in its Fourth Amendment seizure analysis, but the error also impacted its Fourth Amendment search and First Amendment retaliation

---

[4]"Each driver . . . of a passenger car . . . *operated* on a street or highway in this state . . . shall wear a properly adjusted and fastened safety belt that meets federal National Highway, Transportation and Safety Act requirements."  Mo. Rev. Stat. § 307.178 (2006) (emphasis added).

analyses. Watson's search claim turns in part on whether the automobile exception applies to the warrant requirement. Whether the automobile exception applies rests on whether a reasonable officer would have had "probable cause to believe that an automobile contain[ed] contraband or evidence of criminal activity," justifying the warrantless search. United States v. Shackleford, 830 F.3d 751, 753 (8th Cir. 2016).[5] Similarly, a First Amendment retaliation claim turns on "the presence or absence of probable cause for the arrest." Nieves v. Bartlett, 139 S. Ct. 1715, 1724 (2019). Because the district court's initial determination of probable cause and reasonable suspicion was incomplete, these determinations necessarily suffer from the same defects. Additionally, while the district court's Fourth Amendment excessive force analysis does not hinge on the existence of probable cause or reasonable suspicion, it nonetheless contains errors. The district court does not discuss analogous case law, nor does it explain how subjective facts, such as Watson's purpose of calling the police on his cell phone, are material to the objective qualified immunity analysis. See Shelton v. Stevens, 964 F.3d 747, 752 (8th Cir. 2020) ("Reasonableness must be judged from 'the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." (citation omitted)). Accordingly, we find that the district court failed to reach the materiality of the genuine disputes and thus failed to fulfill "its threshold duty to 'make a thorough determination'" of Officer Boyd's claim. N.S., 933 F.3d at 970 (citation omitted).

Second, Officer Boyd claims that even if the district court did not err in its first-prong analysis, the district court failed to determine whether Watson's rights were clearly established at the time of the stop. While a district court may address the prongs in any order, it "may not deny qualified immunity without answering both questions in the plaintiff's favor." Walton, 752 F.3d at 1116 (citing Pearson, 555 U.S. at 236). As such, a district court "should [not] deny summary judgment any time a material issue of fact remains on the [constitutional violation] claim [because to do so] could undermine the goal of qualified immunity." Jones, 675 F.3d at 1161

---

[5]In addition, the district court identified but did not address Officer Boyd's argument that the warrantless search was permitted as a search incident to arrest. See R. Doc. 158, at 27-29. Its failure to address this argument was also in error.

(alterations in original) (citation omitted). Here, in analyzing the clearly established prong, the district court stated:

> Throughout this Memorandum and Order, the Court has outlined issues of fact regarding whether Boyd violated Watson's constitutional rights. The Court holds that Watson has alleged constitutional violations against Boyd and that a reasonable officer would have known that his actions violated Watson's constitutional rights. Thus, the Court finds that Boyd is not entitled to qualified immunity on the remaining claims.

R. Doc. 158, at 42. While the district court's 43-page order cannot be described as "truncated," see O'Neil, 496 F.3d at 918, we find that this analysis is so "scant" that we are unable to discern whether the district court applied the clearly established prong at all, much less conducted a "thorough determination," see Jones, 675 F.3d at 1163. Our conclusion is not predicated on the analysis's brevity alone but also on the application of incorrect legal standards.

Although the district court may have been incorporating its earlier constitutional violation analysis by reference, this analysis is not pertinent to the clearly established inquiry. For example, the district court made passing references to "arguable probable cause," but it failed to articulate and apply the standard to the present case. See Bell, 979 F.3d at 607 ("In a case involving an arrest without probable cause, officers have qualified immunity if they 'reasonably but mistakenly conclude[d] that probable cause [wa]s present.' 'This circuit often refers to this standard using the shorthand "arguable probable cause."'" (alterations in original) (citations omitted)). Further, the clearly established standard is absent from the district court's reasonable suspicion inquiry. See Waters v. Madson, 921 F.3d 725, 736 (8th Cir. 2019) ("If we determine that an officer lacked reasonable suspicion and thus conducted an unlawful Terry stop, [she] may nonetheless be entitled to qualified immunity if [she] had *arguable* reasonable suspicion . . . ."). While this error is most significant to the search and seizure analyses, it also bears upon Watson's retaliation claim. See Nieves, 139 S. Ct. at 1724.

Moreover, the district court defined the relevant law at too high a level of generality to conduct a proper clearly established analysis. See N.S., 933 F.3d at 970 ("Yet the Supreme Court has warned courts not to 'define clearly established law at [such] a high level of generality.'" (alteration in original) (quoting Kisela v. Hughes, 138 S. Ct. 1148, 1152 (2018) (per curiam))). "Although there need not be 'a case directly on point for a right to be clearly established, existing precedent must have placed the . . . constitutional question *beyond debate*[]' . . . ." Id. (citation omitted). The law must be sufficiently clear such that "*every* 'reasonable [officer] would understand what he is doing is unlawful.'" District of Columbia v. Wesby, 138 S. Ct. 577, 589 (2018) (emphasis added) (citation omitted); Hunter v. Bryant, 502 U.S. 224, 229 (1991) (per curiam) ("The qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" (citation omitted)). "[S]pecificity is especially important in the Fourth Amendment context, where the Court has recognized that it is sometimes difficult for an officer to determine how the relevant legal doctrine . . . will apply to the factual situation the officer confronts." Kisela, 138 S. Ct. at 1152 (first alteration in original) (citation omitted).

Finally, the district court's excessive force analysis fails to identify a specific right or factually analogous cases. See id. at 1153 ("Use of excessive force is an area of the law 'in which the result depends very much on the facts of each case,' and thus police officers are entitled to qualified immunity unless existing precedent 'squarely governs' the specific facts at issue." (citation omitted)). "'[O]utside [of] an obvious case,' the [Supreme] Court has explained, it is not enough 'to state that an officer may not use unreasonable and excessive force, deny qualified immunity, and then remit the case for a trial on the question of reasonableness.'" N.S., 933 F.3d at 970 (first two alterations in original) (citation omitted). Accordingly, because of the district court's incomplete analysis on both the constitutional violation and clearly established prongs, we can neither affirm nor reverse the denial of qualified immunity. See O'Neil, 496 F.3d at 918.

IV.

The City likewise contends that the district court erred in denying its motion for summary judgment on Watson's <u>Monell</u> claims. Specifically, the City argues that Officer Boyd's actions did not violate clearly established law and thus Watson cannot show the City's fault rose to the level of deliberate indifference. <u>See, e.g.</u>, <u>Robbins v. City of Des Moines</u>, 984 F.3d 673, 681-82 (8th Cir. 2021) (describing the deliberate indifference necessary to establish a <u>Monell</u> claim). However, we do not have jurisdiction to review the district court's decisions on this matter. <u>See</u> <u>Birkeland v. Jorgensen</u>, 971 F.3d 787, 791 (8th Cir. 2020) ("Ordinarily, this [C]ourt lacks jurisdiction over a denial of summary judgment 'because such an order is not a final decision.'" (citation omitted)). Unlike the denial of qualified immunity, the denial of summary judgment on a <u>Monell</u> claim is an interlocutory order not immediately appealable under the collateral order doctrine. <u>See</u> <u>Shannon v. Koehler</u>, 616 F.3d 855, 865 n.8 (8th Cir. 2010).

Accordingly, we may only exercise jurisdiction over such an order when it is "'inextricably intertwined' with an issue we have jurisdiction to review." <u>Birkeland</u>, 971 F.3d at 791. "An issue is 'inextricably intertwined' with properly presented issues only 'when the appellate resolution of the collateral appeal necessarily resolves the pendent claims as well.'" <u>Manning v. Cotton</u>, 862 F.3d 663, 671 (8th Cir. 2017). Only this Court's reversal of a district court's denial of qualified immunity will resolve the pendent <u>Monell</u> claim. <u>Cf.</u> <u>Johnson v. City of Ferguson</u>, 926 F.3d 504, 506 (8th Cir. 2019) (en banc) ("This circuit has consistently recognized a general rule that, in order for municipal liability to attach, individual liability first must be found on an underlying substantive claim." (citation omitted)). Any other resolution of the appeal will not resolve the question of the municipality's liability, and we will accordingly lack jurisdiction. <u>See</u> <u>Manning</u>, 862 F.3d at 671 ("Deciding to uphold the district court's denial of qualified immunity for the [o]fficers does not resolve whether the City is entitled to summary judgment on the municipal liability claims."). Here, we recognize that the district court's determination of Watson's claims against Officer Boyd on remand *may* impact

-11-

Watson's <u>Monell</u> claim; nonetheless, our decision to remand the claims against Officer Boyd does not resolve Watson's <u>Monell</u> claim against the City on appeal. Accordingly, we lack jurisdiction over the City's appeal.

V.

We pass no judgment on whether Officer Boyd is entitled to qualified immunity because the district court failed to undertake the necessary analysis. Accordingly, we vacate the district court's order and remand the case for a more detailed consideration and explanation of the validity, or not, of Officer Boyd's claim to qualified immunity in a manner consistent with this opinion, and we dismiss the City's appeal for lack of jurisdiction.

_____