# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-3795

_____

Stephen Newport,

*Plaintiff - Appellee*,

v.

Bryan Payton; City of Bettendorf,

*Defendants - Appellants*.
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: November 2, 2022
Filed: January 6, 2023
[Unpublished]
_____

Before COLLOTON, GRUENDER, and BENTON, Circuit Judges.
_____

PER CURIAM.

Stephen Newport filed an action under 42 U.S.C. § 1983 and Iowa law against police officer Bryan Payton and the City of Bettendorf, alleging violations of his civil rights. Newport, an attorney, was prosecuted and acquitted on state criminal charges involving alleged sexual abuse, indecent exposure, and prostitution that arose from

reports made by a former client. Newport claimed in this case that Payton violated his civil rights during the investigation that led to the prosecution, and that the City maintained a policy that led to the alleged constitutional violations.

Payton and the City moved for summary judgment, based in part on qualified immunity for Payton. The district court denied the motion. On Payton's appeal, we conclude that he is entitled to qualified immunity on the federal claims alleged in Count I of the complaint, and therefore reverse the order denying summary judgment on those claims. The City's appeal on Count I is inextricably intertwined with Payton's, and we also reverse the order denying summary judgment for the City on that count.

In particular, Newport alleged in this case that: (1) after a former client accused him of misconduct, Payton unlawfully obtained a search warrant and an arrest warrant with affidavits containing materially false information and omissions; (2) Payton unlawfully searched and arrested him without probable cause, in violation of the Fourth and Fourteenth Amendments, based on client allegations that Payton should have known were false; (3) Payton violated Newport's rights under the Fourth Amendment by engaging in abuse of process and malicious prosecution; (4) Payton conducted an inadequate investigation and thereby violated Newport's rights under the Due Process Clause of the Fourteenth Amendment, and (5) the City maintained inadequate systems of review to prevent such alleged abuses. Newport also brought claims against Payton under Iowa law in Count II through V of the complaint.

This court has jurisdiction to review an order denying summary judgment based on qualified immunity. We may consider the purely legal issue of whether the facts, taken in the light most favorable to the plaintiff, support a finding that the plaintiff's clearly established constitutional rights were violated. *See Thompson v. City of Monticello*, 894 F.3d 993, 997-98 (8th Cir. 2018); *Robbins v. Becker*, 715 F.3d

691, 693 (8th Cir. 2013). This court accepts as true the facts assumed by the district court, so long as they are not blatantly contradicted by the record. We review the legal conclusions *de novo*. *See Thompson*, 894 F.3d at 998.

As to the search warrant affidavit, we conclude that Newport did not establish that the affidavit contained inaccuracies or material omissions that made it misleading. The affidavit's description accurately paraphrased Newport's statements during a recorded phone call with his client. Even if the affidavit were supplemented with the entire transcript of the call, it would still support a conclusion of probable cause to search. *See Z.J. ex rel. Jones v. Kan. City Bd. of Police Comm'rs*, 931 F.3d 672, 686 (8th Cir. 2019); *Hawkins v. Gage Cnty., Neb.*, 759 F.3d 951, 958 (8th Cir. 2014); *Morris v. Lanpher*, 563 F.3d 399, 402 (8th Cir. 2009).

As to the arrest warrant affidavit, there is a conflict between the district court's factual assumption and undisputed photographs in the record. Newport's client alleged that the attorney's office door was locked during one incident, but the district court assumed that Payton's affidavit failed to mention that photographs showed no lock on the door. The photographs, however, contradict this assumption and show a lock on the door, so we may accept that fact as true. *See Thompson*, 894 F.3d at 998. Payton's affidavit accurately set forth statements made in a recorded phone call and other evidence that supported probable cause. *See Hawkins*, 759 F.3d at 959; *Morris*, 563 F.3d at 402; *United States v. Lucca*, 377 F.3d 927, 932 (8th Cir. 2004); *Bagby v. Brondhaver*, 98 F.3d 1096, 1099 (8th Cir. 1996). Adding the fact that the former client was disgruntled would not have eliminated the existence of probable cause. Newport offered no specific, nonconclusory evidence that Officer Payton believed the affidavits were false or that he recklessly misconstrued the client's allegations or the statements in the recorded phone call. *See Morris*, 563 F.3d at 403.

On the claim that Officer Payton violated the Fourth Amendment by arresting Newport before conducting a reasonably thorough investigation, the totality of circumstances were sufficient to lead a reasonable officer to believe that Newport had committed a crime. *See Walz*, 2 F.4th at 1103; *Clayborn v. Struebing*, 734 F.3d 807, 809 (8th Cir. 2013); *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 675 (8th Cir. 2007). Newport also was arrested pursuant to a valid warrant. *See Messerschmidt v. Millender*, 565 U.S. 535, 546-47 (2012).

Newport also asserts that Officer Payton conducted an inadequate investigation and thus violated Newport's rights under the Due Process Clause of the Fourteenth Amendment. Any such claim must be supported by evidence that the officer acted intentionally or recklessly in a manner that shocks the conscience. *Walz*, 2 F.4th at 1104; *Hawkins*, 759 F.3d at 957-58. The record, however, contains no evidence that Payton purposely ignored evidence suggesting that Newport was innocent or that there was systemic pressure to implicate Newport in the face of contrary evidence. Given that the client's assertion that she was present at Newport's office on the date in question was corroborated by a signed and dated document, it was not conscience-shocking that Payton proceeded without interviewing others who were in the office on that date. *See Walz*, 2 F.4th at 1103-04; *Hawkins*, 759 F.3d at 957.

For these reasons, we conclude that Newport's federal constitutional claims against Payton should be dismissed. Because the evidence does not support a conclusion that Payton committed a constitutional violation, we have jurisdiction to consider the City's appeal of Newport's pendant claim for municipal liability, and that claim necessarily fails for lack of an underlying violation. *See Watson v. Boyd*, 2 F.4th 1106, 1114 (8th Cir. 2021); *Meier v. St. Louis*, 934 F.3d 824, 829 (8th Cir. 2019).

Accordingly, we reverse the denial of summary judgment based on qualified immunity as to Newport's federal claims against Payton and the City. We can discern no ruling by the district court on Payton's motion for summary judgment on Newport's state-law claims. As the federal claims should be dismissed, we remand the case with directions to dismiss Counts II through V of the complaint without prejudice. *See Gregory v. Dillard's, Inc.*, 565 F.3d 464, 477 (8th Cir. 2009) (en banc).

_____