# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1269

_____

Tyler Unique McClain

*Plaintiff - Appellee*

v.

County of Sebastian, a municipal corporation

*Defendant*

Nick Tuttle, individually and in his official capacity as a Sebastian County
Sheriff's Sergeant; Brent Thomas Smith, individually and in his official capacity as
a Sebastian County Sheriff's Deputy; Jonathan David Outhouse, individually and
in his official capacity as a Sebastian County Sheriff's Deputy

*Defendants - Appellants*

Does 1 - 20, individually and in their official capacity as employees of the
Sebastian County Sheriff's Department; Does 21-40, individually and in their
official capacity as employees of the City of Greenwood Police Department

*Defendant*s

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: January 16, 2025
Filed: July 31, 2025
[Unpublished]

_____

Before GRASZ, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Tyler McClain lost control of her car and careened off the highway early one morning. EMTs assessed her and told the responding officers that she was suffering from hypoglycemia. The officers decided to give her a ride home, but McClain was disoriented and did not comply with their orders. The officers used force multiple times, which she says was excessive.

McClain sued three of the responding officers, Sergeant Nick Tuttle, Deputy Thomas Smith, and Deputy David Outhouse, in their individual and official capacities, alleging claims under 42 U.S.C. § 1983, the Arkansas Civil Rights Act,[1] and state tort law. The district court denied the officers' motion for summary judgment based on qualified immunity. The officers filed this interlocutory appeal. See Mitchell v. Forsyth, 472 U.S. 511, 530 (1985).

The district court's decision "lacks consideration of the individual defendants' actions with respect to" McClain's excessive force claim against each officer. Handt v. Lynch, 681 F.3d 939, 945 (8th Cir. 2012). "[W]e are unable to discern if the district court even applied both steps of the qualified immunity inquiry to" *each* officer's summary judgment claim and "can neither affirm nor reverse the denial of qualified immunity." Jones v. McNeese, 675 F.3d 1158, 1163 (8th Cir. 2012). The district court's order is vacated, and the case is remanded.

_____

---

[1]The parties agree that claims under Arkansas's Civil Rights Act, Ark. Code Ann. § 16-123-105(a), may be analyzed coextensively with her § 1983 claims. See Brewington v. Keener, 902 F.3d 796, 801 n.3 (8th Cir. 2018).