# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3113
_____

Mark Robbins; Gail Robbins; I-44 Truck Center and Wrecker Service, LLC; I-44
Wrecker Service, LLC

*Plaintiffs - Appellees*

v.

Randy Becker, Sr., in his individual capacity; James Cox, in his individual
capacity; Ryan A. Burckhardt, in his individual capacity; Daniel E. Dicus, in his
individual capacity; Travis Inman, in his individual capacity; Ronald Johnson, in
his individual capacity; Jeremie Keathely, in his individual capacity; Lee A.
Kenley, in her individual capacity; Keith Lichay, in his individual capacity; Justin
McCullough, in his individual capacity; Brent Moore, in his individual capacity;
John Oliveras, in his individual capacity; Duane L. Robinson, in his individual
capacity; Rhonda Shanika, in her individual capacity

*Defendants - Appellants*

John Does, Police Officers, in their individual capacities; John Does, Dispatchers,
in their individual capacities; Jane Does, Dispatchers, in their individual capacities

*Defendants*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 9, 2013
Filed: May 22, 2013

_____

Before RILEY, Chief Judge, BYE and BENTON, Circuit Judges.
_____

RILEY, Chief Judge.

This interlocutory appeal arises out of the district court's denial of summary judgment on defendants', Missouri State Highway Patrol Officers' (officers), qualified immunity defenses to the plaintiffs' 42 U.S.C. § 1983 and Sherman Act, 15 U.S.C. §§ 1-2, claims. The officers contend we should address the merits of their qualified immunity defenses. We decline to do so. Following our well established precedents, "we remand because the [district court's] analysis [denying summary judgment] is so scant that we are unable to discern if the district court even applied both steps of the qualified immunity inquiry to all of the summary judgment claims." Jones v. McNeese, 675 F.3d 1158, 1163 (8th Cir. 2012).

## I.    BACKGROUND
### A.    Facts[1]

Mark Robbins and Gail Robbins operate I-44 Truck Center and Wrecker Service, LLC, and I-44 Wrecker Service, LLC (I-44 and, collectively, Robbins). I-44 provides towing and wrecker services to semi tractor-trailers and other private and commercial vehicles along the Interstate 44 corridor in the St. Louis, Missouri, area. From approximately 1996 to 2006, the officers maintained a "rotation list" for

---

[1]Our decision to remand in this case does not depend upon the evidence developed for summary judgment. For background purposes, we summarize the statement of facts from the plaintiff's complaint, without considering whether these facts were properly supported by admissible evidence. Cf. Johnson v. Jones, 515 U.S. 304, 313 (1995) (stating, in many cases "'[a]n appellate court reviewing the denial of the defendant's claim of immunity need not consider the correctness of the plaintiff's version of the facts'" (quoting Mitchell v. Forsyth, 472 U.S. 511, 528 (1985)) (alteration in original)).

selecting wrecker and towing companies to respond to highway accidents. The Robbins allege I-44 was excluded from the list after Mark Robbins had a confrontation with some of the officers in 1999. The Robbins further allege that, following this 1999 incident, the officers maliciously conspired with each other and third parties to prevent I-44 from providing towing services to I-44's clients.

### B. Procedural History

The Robbins brought suit against fourteen individually named officers and at least three "John Doe" officers, alleging (1) violations of their due process and equal protection rights under § 1983; (2) conspiracy to violate Robbins' constitutional rights; (3) violations of the Sherman Act; and (4) Missouri state law claims. After discovery, the officers moved for summary judgment based on qualified immunity. The district court denied summary judgment, concluding "genuine issues of material fact remain" in dispute.

The district court did not discuss the qualified immunity standard and made no showing that it was applying the two-step qualified immunity analysis to the defendant's motion for summary judgment. The district court's order did not discuss the material facts in dispute, nor did it identify the material legal issues pertinent to the facts alleged. The district court's order did not discuss the Robbins' separate claims or identify what facts the Robbins presented which were sufficient to overcome the officers' qualified immunity defense.

## II. DISCUSSION
### A. Jurisdiction

We have jurisdiction to hear an interlocutory appeal of the district court's denial of qualified immunity under the collateral order doctrine. See McNeese, 675 F.3d at 1161. "'[A]n order denying qualified immunity is immediately appealable even though it is interlocutory; otherwise, it would be effectively unreviewable.'" Id. at 1160 (quoting Scott v. Harris, 550 U.S. 372, 376 n.2 (2007)) (alteration in original).

Our interlocutory jurisdiction is limited.  See id. at 1160.  We may review a district court's order denying qualified immunity "'to the extent that it turns on an issue of law.'"  Id. at 1160-61 (quoting Fields v. Abbott, 652 F.3d 886, 889-90 (8th Cir. 2011)).  We have no jurisdiction to determine "'whether or not the pretrial record sets forth a "genuine" issue of fact for trial.'"  Id. (quoting Johnson, 515 U.S. at 320).

As we recognized in McNeese, our interlocutory jurisdiction turns on whether the appellant asserting qualified immunity raises predominantly legal, or predominantly factual, issues.  See id.  We had jurisdiction in McNeese because the appellant's arguments "challenge[d] the district court's application of qualified immunity principles to the established summary judgment facts."  Id.  In the instant case the officers' arguments do not call for us to "'resolve any disputed issues of evidentiary sufficiency.'"  Id. (quoting Heartland Acad. Cmty. Church v. Waddle, 595 F.3d 798, 806 (8th Cir. 2010)).  The officers raise only legal issues regarding "the application of qualified immunity principles" to the facts of this case, id., and we thus have jurisdiction to address the qualified immunity issue.

### B.    Qualified Immunity

Qualified immunity is "'*immunity from suit* rather than a mere defense to liability.'"  Hunter v. Bryant, 502 U.S. 224, 227 (1991) (quoting Mitchell, 472 U.S. at 526) (emphasis in original).  For this reason, the Supreme Court "repeatedly [has] stressed the importance of resolving immunity questions at the earliest possible stage in litigation."  Id.  The district court must resolve immunity questions with sufficient clarity for the court of appeals effectively to exercise its interlocutory review of the legal issues surrounding the denial of summary judgment based on qualified immunity.

We have "rejected attempts [by district courts] to enter truncated orders that did not provide a 'thorough determination of [the defendants'] claim of qualified immunity.'" McNeese, 675 F.3d at 1162 (quoting O'Neil v. City of Iowa City, Iowa,

496 F.3d 915, 918 (8th Cir. 2007)). "[R]ecogniz[ing] the importance of a thorough qualified immunity analysis," id., we repeatedly have remanded where the district court's "analysis is so scant that we are unable to discern if the district court even applied both steps of the qualified immunity inquiry to all of the summary judgment claims," id. at 1162-63. See id. at 1161-63; O'Neil, 496 F.3d at 917-18 (reasoning, "a thorough determination" is necessary if "immunity is to mean anything"); see also Solomon v. Petray, 699 F.3d 1034, 1038-39 (8th Cir. 2012) (remanding because of "the complete absence in the [district court's] order of any explicit reference to, or analysis of, [the defendants'] claims of qualified immunity which leaves [the appellate court] unable to determine whether the district court even considered the issue of qualified immunity before denying the motion for summary judgment"); Handt v. Lynch, 681 F.3d 939, 944-45 (8th Cir. 2012) (remanding because the district court just stated "there were material issues of fact in dispute," rather than determining the facts in the light most favorable to the non-moving party and deciding whether those assumed facts "demonstrate a constitutional violation that is clearly established"); Katosang v. Wasson-Hunt, 392 F. App'x 511, 513-14 (8th Cir. 2010) (unpublished per curiam).

Due to the significance of an early resolution for qualified immunity issues—with an effective interlocutory appellate review—we consequently require findings of fact and conclusions of law, similar by analogy to Fed. R. Civ. P. 52(a)(2) (addressing "an interlocutory injunction"), sufficient to permit our court (1) to determine what facts the district court assumed, in the light most favorable to the non-moving party, and (2) to evaluate the district court's individualized legal analysis.[2]

---

[2]We exercise our "supervisory authority." See Starr v. Mandanici, 152 F.3d 741, 750 (8th Cir. 1998) ("[I]t is well-established that courts of appeal may exercise supervisory authority over lower courts."); see also La Buy v. Howes Leather Co., 352 U.S. 249, 259-60 (1957) (explaining, "supervisory control of the District Courts by the Courts of Appeals is necessary to proper judicial administration in the federal system"); see, e.g., Osthus v. Whitesell Corp., 639 F.3d 841, 845 (8th Cir. 2011)

Like in <u>Solomon</u>, <u>Handt</u>, <u>McNeese</u>, <u>Katosang</u>, and <u>O'Neil</u>, the district court in this case failed to discuss the qualified immunity standard or otherwise demonstrate it was applying the two-step qualified immunity analysis.  <u>See</u> <u>Solomon</u>, 699 F.3d at 1038-39; <u>Handt</u>, 681 F.3d at 944-45; <u>McNeese</u>, 675 F.3d at 1161-63; <u>O'Neil</u>, 496 F.3d at 917-18; <u>Katosang</u>, 392 F. App'x at 513-14.  The officers "are entitled to a thorough determination of their claim of qualified immunity." <u>O'Neil</u>, 496 F.3d at 918.  "[W]e can neither affirm nor reverse the denial of qualified immunity based on the cursory commentary advanced by the district court in its denial order."  <u>Id.</u>

## III.   CONCLUSION

We remand to the district court for a more detailed consideration and explanation, consistent with this opinion, of the officers' claims of qualified immunity.

_____

(remanding an interlocutory preliminary injunction because the district court's order did "not specifically find facts or explain how . . . the requirements for an injunction" were met, commenting "'[w]ithout that information, we cannot fulfill our function of review'" (quoting <u>Johansen v. San Diego Cnty. Dist. Council of Carpenters</u>, 745 F.2d 1289, 1294 (9th Cir. 1984))).