# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 13-3621

———————————————

Thomas J. Ingrassia

*Plaintiff - Appellee*

v.

Keith Schafer, Director, Missouri Department of Mental Health, In His Official Capacity; Felix Vincenz, Chief Operating Officer, Division of Comprehensive Psychiatric Services, Missouri Department of Mental Health, In His Official Capacity; Julie Inman, Regional Executive Officer, Missouri Department of Mental Health, In Her Official Capacity

*Defendant*s

Carol Dicknette, Office of Consumer Safety, Missouri Department of Mental Health

*Defendant - Appellant*

Leigh Gibson, Office of Consumer Safety, Missouri Department of Mental Health

*Defendant*

Alan Blake, Chief Operating Officer, SORTS, In His Official and Individual Capacity; Jay Englehart, Psychiatrist/Physician, Medical Director, SORTS, In His Official and Individual Capacity; Beth Weinkein, Dietician II, SORTS, In Her Official and Individual Capacity

*Defendants - Appellants*

Brenda Swift, Facility Grievance Coordinator, SORTS, In Her Official and Individual Capacity; Bob Wills, Chief Nursing Executive, SORTS; Joe Easter, RN 5, SORTS

*Defendant*s

Marybeth Rowe, RN 5, SORTS

*Defendant - Appellant*

Kevin Fletcher, Risk Management Committee; Kristina Bender, Unit Program Supervisor, SORTS; John Does, Members of Risk Manaagement Committee, Executive Committee, Resident's Rights Review Committee, SORTS

*Defendant*s

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: August 15, 2014
Filed: August 20, 2014
[Unpublished]

_____

Before BENTON, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Thomas J. Ingrassia sued Keith Schafer and other defendants under 42 U.S.C. § 1983, alleging violation of his constitutional right to adequate nutrition while incarcerated. The district court denied defendants qualified immunity. They appeal. *See Robbins v. Becker*, 715 F.3d 691, 693 (8th Cir. 2013) ("[This court has]

jurisdiction to hear an interlocutory appeal of the district court's denial of qualified immunity under the collateral order doctrine.").

This court remands the case so that the district court can make findings of fact and conclusions of law sufficient to permit appellate review of defendants' qualified immunity defense. *See Wright v. United States*, 545 Fed. Appx. 588, 589-90 (8th Cir. 2013) (district court must determine which facts are genuinely disputed and view those facts favorable to the nonmovant); *Jones v. McNeese*, 675 F.3d 1158, 1160 (8th Cir. 2012) (remanding to the district court "for a more complete articulation of its analysis of [defendant's] motion for summary judgment based on qualified immunity").

\* \* \* \* \* \* \*

The district court's order is vacated, and the case remanded for further proceedings consistent with this opinion.

_____