# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2580

_____

Dave L. Taft, Jr.

*Plaintiff - Appellee*

v.

Charles Palmer; Jason Smith

*Defendants - Appellants*

Mike Ryan; Steve Tjaden; Mike Loescher; Matt Royster; Robert Stout; Bill
Turner; Sean Morris

*Defendants*

_____

Appeal from United States District Court
for the Northern District of Iowa, Sioux City

_____

Submitted: April 7, 2014
Filed: December 5, 2014
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Dave Taft is involuntarily committed at Iowa's Civil Commitment Unit for Sexual Offenders (CCUSO). He brought this 42 U.S.C. § 1983 complaint claiming that he was twice sexually assaulted in 2011 by a fellow patient, because CCUSO staff (not named as defendants) failed to protect him. Defendants Charles Palmer, the Director of Iowa's Department of Human Resources, and Dr. Jason Smith, the Director of CCUSO, moved for summary judgment.[1] In his response opposing summary judgment, Taft alleged for the first time that Palmer and Dr. Smith had failed to train and supervise CCUSO staff and, therefore, that they also are liable under § 1983. The court denied the motion for summary judgment, expressly considering Taft's added allegations against Palmer and Dr. Smith, and concluded that Taft had alleged a violation of a constitutional right that was clearly established and that there was a genuine issue of material fact whether defendants' failure to train or supervise CCUSO staff had caused the violation. Defendants appeal.

We have jurisdiction to review the denial of qualified immunity only to the extent that the denial turns on an issue of law. See Robbins v. Becker, 715 F.3d 691, 693 (8th Cir. 2013). Under this limited jurisdiction, we may review the legal issues regarding "the application of qualified immunity principles" to the facts in this case. See Jones v. McNeese, 675 F.3d 1158, 1161 (8th Cir. 2012). With respect to that issue only, our review of the denial of summary judgment is de novo, and we may review "whether an inmate has alleged sufficient facts to allow a jury to conclude that the inmate faces a risk of assault from other inmates, prison officials know of the risk, and the reasonableness of their actions in light of a known risk." Miller v. Schoenen, 75 F.3d 1305, 1308–09 (8th Cir. 1996).

Having carefully reviewed the record before us, we conclude as a matter of law that defendants cannot reasonably be said to have been deliberately indifferent to

[1]Other parties named as defendants were dismissed before the district court entered the order that is the subject of this appeal.

Taft's need for protection. In his complaint, Taft did not allege that Palmer or Dr. Smith knew or should have known about the threats from the other inmate. It was not until his response in opposition to summary judgment that he alleged that the officials were responsible for the inadequate training of CCUSO staff. Even considering those added allegations,[2] Taft says only that Palmer and Dr. Smith's failures to train and supervise were "the root causes of the assaults upon him and are [sic] therefore personally responsible individuals." Taft does not allege that Palmer and Dr. Smith knew of Taft's complaints about the fellow inmate yet failed to take action. Nor does he say that the officials implemented a policy not to act when a CCUSO patient complains of threats or assault or that the procedures in place were obviously lacking and would cause constitutional violations. In fact, the facility had policies and procedures in place to protect inmates from sexual assault. Though unfortunate, that the policies and procedures failed in this particular case—without more—does not mean that the officials are liable under § 1983 for any deliberate indifference of their staff. See Kahle v. Leonard, 477 F.3d 544, 550 (8th Cir. 2007) ("A failure-to-supervise claim may be maintained only if the official demonstrated deliberate indifference or tacit authorization of the offensive acts." (quotation omitted)); Ambrose v. Young, 474 F.3d 1070, 1079 (8th Cir. 2007) (noting that, for official to be liable for failure to train, plaintiff must show obvious need for more or different training and great likelihood of constitutional violation from current training).

Accordingly, we reverse the judgment and remand this matter to the district court with directions to enter judgment dismissing the complaint.

_____

[2]A party may not amend a complaint in a response to a motion for summary judgment. But because the district court considered Taft's additional allegations, which the defendants on appeal have not challenged, we also will consider Taft's belated allegations. See Booker v. City of St. Louis, 309 F.3d 464, 467 (8th Cir. 2002).

-3-