# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-3285

_____

Joe Leonard Bell, Jr.

*Plaintiff - Appellee*

v.

Danny Burl, Warden, East Arkansas Regional Unit, ADC (originally named as D. Burl)

*Defendant*

Jeremy Andrews, Major, East Arkansas Regional Unit, ADC (originally named as Jermy C. Andrews)

*Defendant - Appellant*

Curtis L. Rolfe, III, Disciplinary Hearing Officer, East Arkansas Regional Unit, ADC

*Defendant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Helena

_____

Submitted: May 20, 2015
Filed: July 1, 2015
[Unpublished]

_____

Before SHEPHERD, BYE, and KELLY, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Joe Bell, Jr. brought a 42 U.S.C. § 1983 action claiming, as relevant to this appeal, that defendant Jeremy Andrews, a correctional officer at the facility where Bell was imprisoned, retaliated against Bell for exercising his constitutional rights. Andrews moved for summary judgment, based in part on qualified immunity. The district court[1] denied the motion, and Andrews appeals.

Having confined our review, as we must, to issues of law, see Stoner v. Watlingten, 735 F.3d 799, 802 (8th Cir. 2013) (de novo review); Robbins v. Becker, 715 F.3d 691, 693 (8th Cir. 2013) (jurisdiction to review denial of qualified immunity exists only to extent that denial turns on issue of law), we conclude that the court properly denied the motion for summary judgment based on qualified immunity.

A § 1983 retaliation claim requires the plaintiff to "show (1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." Spencer v. Jackson Cnty., 738 F.3d 907, 911 (8th Cir. 2013) (quotation omitted). "The retaliatory conduct itself need not be a constitutional violation; the violation is acting in retaliation for the exercise of a constitutionally protected right." Id. (quotation omitted). We find no legal error in the district court's conclusion that Bell's reassignment to the hoe squad, after he had successfully contested prison-disciplinary charges initiated by Andrews, amounted to a constitutional violation that was clearly established at the time of the alleged violation. See id. (worsening inmate's working conditions may constitute adverse action); Dible v. Scholl, 506 F.3d

_____

[1]The Honorable D.P. Marshall, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable J. Thomas Ray, United States Magistrate Judge for the Eastern District of Arkansas.

1106, 1111 (8th Cir. 2007) (court has broad view of what makes "clearly established law" for purposes of qualified immunity).  Accordingly, we affirm.  <u>See</u> 8th Cir. 47B.

_____