# United States Court of Appeals

## For the Eighth Circuit

_____

No. 20-1528
_____

Wayne Gerling,

*Plaintiff - Appellee,*

v.

City of Hermann, Missouri,

*Defendant,*

Matthew Waite, individually and in his official capacity as a police officer for the
Hermann, Missouri, Police Department,

*Defendant - Appellant,*

Frank Tennant, individually and in his official capacity as Police Chief of the
Hermann, Missouri, Police Department,

*Defendant.*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: January 14, 2021
Filed: June 23, 2021
_____

Before COLLOTON, WOLLMAN, and SHEPHERD, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Wayne Gerling sued Matthew Waite, a police officer in Hermann, Missouri, under 42 U.S.C. § 1983, alleging that Waite unlawfully arrested him and used excessive force during the arrest. The district court denied Waite's motion for summary judgment. Waite appeals, arguing that he is entitled to qualified immunity. We affirm the denial of summary judgment on Gerling's unlawful arrest claim, but conclude that Waite is entitled to qualified immunity on Gerling's excessive force claim.

I.

On November 18, 2012, an anonymous caller informed the Hermann police department that a tractor-trailer was parked on Ninth Street. Waite's lieutenant instructed him to investigate a potential parking violation. Waite arrived and observed the truck's license plate, which returned the name of a trucking company. Believing that he needed the driver's name to issue a ticket, Waite tried to locate the driver.

Waite knocked on Gerling's door at around 9:00 p.m. Gerling and his son-in-law answered. In response to Waite's inquiry, Gerling said that the truck belonged to him. Waite said he was issuing a ticket for illegal parking, and asked for Gerling's driver's license.

Gerling gestured at the street and informed Waite that it was "a commercial street," implying that Gerling's parking was permissible. Gerling refused to give Waite his license, and Waite told Gerling he was "going to jail." The parties disagree

-2-

about some of the remaining facts, but we must consider them in the light most favorable to Gerling, the non-movant.

The parties dispute whether Gerling was inside his house, in the doorway, or on the porch during his initial exchange with Waite. According to Gerling, however, although one of his feet "might have stepped over the threshold" during the discussion, he was back inside the house when Waite "reached in" and grabbed Gerling's wrist. Gerling then twisted away and told Waite to get out of his house. As Gerling walked away from the doorway and further into the house, Waite crossed the threshold of the home, drew his taser, and told Gerling to put his hands up. When Gerling continued to move away from Waite and into the living room, Waite fired his taser. The taser barbs struck Gerling; he fell onto a table and injured his chest and shoulder. Waite arrested Gerling and transported him to the police station.

The police issued tickets to Gerling for illegal parking and resisting arrest. He pleaded guilty to illegal parking by signing the ticket at the police station that night. The City later dismissed the charge of resisting arrest.

Gerling sued the City of Hermann, the police chief, and Waite, alleging use of excessive force, wrongful arrest, malicious prosecution, and deliberate indifference. The district court granted summary judgment for all defendants except Waite. The court denied Waite's motion on the excessive force claim because the court thought it was unclear whether a reasonable officer in Waite's position would have believed that Gerling was fleeing or resisting arrest. On the unlawful arrest claim, the court concluded that a genuine dispute over an issue of material fact—whether Gerling was located inside the home at the time of his arrest—precluded summary judgment.

## II.

Qualified immunity protects officers from suit under 42 U.S.C. § 1983 unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When a defendant asserts that he is entitled to qualified immunity, the plaintiff must show that the defendant violated his constitutional right, and that the right was "clearly established" at the time of the incident. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). A right is clearly established if, "at the time of the officer's conduct, the law was 'sufficiently clear that every reasonable official would understand that what he is doing' is unlawful." *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). A plaintiff must show either "controlling authority" or a "robust 'consensus of cases of persuasive authority'" that "placed the statutory or constitutional question beyond debate." *Ashcroft*, 563 U.S. at 741-42 (quoting *Wilson v. Layne*, 526 U.S. 603, 617 (1999)).

## A.

An officer may carry out a warrantless arrest in a public place if he has probable cause to believe that a person is committing or has committed "even a very minor criminal offense." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *see United States v. Watson*, 423 U.S. 411, 422-24 (1976). In assessing a claim of qualified immunity, "the governing standard for a Fourth Amendment unlawful arrest claim 'is not probable cause in fact but arguable probable cause.'" *Walker v. City of Pine Bluff*, 414 F.3d 989, 992 (8th Cir. 2005) (quoting *Habiger v. City of Fargo*, 80 F.3d 289, 295 (8th Cir. 1996)). Arguable probable cause exists where an officer arrests a suspect on the mistaken belief that the arrest is supported by probable cause if the officer's mistake is objectively reasonable. *Borgman v. Kedley*, 646 F.3d 518, 523 (8th Cir. 2011).

Probable cause by itself, however, is insufficient to justify an arrest in a home. "[T]he Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant." *Payton v. New York*, 445 U.S. 573, 590 (1980). If an arrestee voluntarily leaves the confines of his home, then an arrest outside the home occurs in a public place, so "arresting officers need only demonstrate that there was probable cause." *Duncan v. Storie*, 869 F.2d 1100, 1102 (8th Cir. 1989). An arrestee who stands in the "threshold of [his] dwelling" is "exposed to [the] public," and may be arrested based on probable cause. *United States v. Santana*, 427 U.S. 38, 42 (1976). And a suspect may not defeat an arrest which has been set in motion in a public place by the expedient of escaping to a private place. *Id*. at 43. But "a warrantless arrest that occurs inside an individual's home is unconstitutional unless the officers demonstrate the existence of probable cause and exigent circumstances." *Duncan*, 869 F.2d at 1102. "[I]n the absence of exigent circumstances, an officer cannot reach over the threshold and into a person's home to forcibly effectuate a warrantless arrest." *Mitchell v. Shearrer*, 729 F.3d 1070, 1076 (8th Cir. 2013).

The district court considered both whether Waite had probable cause to arrest Gerling and whether Waite unlawfully entered Gerling's home to make the arrest. Although Gerling's complaint alleged only that Waite arrested him without probable cause, this court has treated an issue that is raised and considered with the consent of the parties on a motion for summary judgment as if it were raised in the pleadings. *See, e.g.*, *Brand v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 934 F.3d 799, 803 & n.2 (8th Cir. 2019); *Cook v. City of Bella Villa*, 582 F.3d 840, 852 (8th Cir. 2009); Fed. R. Civ. P. 15(b)(2). In this case, the parties briefed the issue of Waite's entry into the home, and the district court treated the claim as though it were pleaded, so the complaint was implicitly amended to conform to the proof. *See Cook*, 582 F.3d at 852-53.

On the question of probable cause, Waite is entitled to qualified immunity if a reasonable officer in his position could have believed that Gerling had committed or was committing a crime. *See Borgman*, 646 F.3d at 523. The district court thought it was irrelevant whether Waite had probable cause to arrest Gerling for illegal parking, because Waite testified that his purpose for the arrest was Gerling's alleged interference with the investigation. It is well settled, however, that the officer's subjective intent for an arrest does not control whether probable cause existed. *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004); *Carpenter v. Gage*, 686 F.3d 644, 649 (8th Cir. 2012).

Here, Gerling pleaded guilty to illegal parking after the City issued him a ticket based on the information known to Waite. Therefore, insofar as his claim alleging unlawful arrest is based on the lack of probable cause, it is barred by the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). A conclusion that Waite lacked probable cause to arrest Gerling for illegal parking would necessarily imply the invalidity of Gerling's conviction for illegal parking. In that situation, the § 1983 claim may not proceed unless the conviction has been invalidated. *Id*. at 487 & n.7. Unlike in *Moore v. Sims*, 200 F.3d 1170, 1171-72 (8th Cir. 2000) (per curiam), where the plaintiff's conviction might have been sustained on evidence independent of an unlawful search, there is no basis for Gerling's conviction other than Waite's observations at the scene about where Gerling was parked. In this case, the basis for the arrest and for the conviction are one and the same, so the claim is barred by *Heck*. *See Connors v. Graves*, 538 F.3d 373, 377-78 (5th Cir. 2008); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam); *Fields v. City of Pittsburgh*, 714 F. App'x 137, 140-41 (3d Cir. 2017).

The existence of probable cause, however, guarantees Waite qualified immunity only for an arrest in a public place. There is a genuine dispute of material fact about whether Waite entered Gerling's home without a warrant to effect the arrest. Gerling says that he might have taken a step onto the porch during his initial

conversation with Waite to gesture at the street, but immediately moved back into the house before Waite arrested him. The video recording of the incident does not contradict Gerling's account: we agree with the district court that it is "dark and difficult to make out" where the parties are standing. If Gerling's testimony is accepted, then any reasonable officer should have known that he could not enter Gerling's home to make an arrest without a warrant or an exception to the warrant requirement that is not present here. *See Duncan*, 869 F.2d at 1102. On these assumed facts, it was clearly established at the time of the incident that Waite could not reach into Gerling's home to arrest him. *See Mitchell*, 729 F.3d at 1076. We therefore affirm the district court's denial of summary judgment on Gerling's unlawful arrest claim.

B.

Gerling also raises a separate Fourth Amendment claim premised on the alleged use of excessive force. In conducting arrests, officers may use only force that is "'objectively reasonable' in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Relevant factors in determining reasonableness include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. Although there is a factual dispute about whether Waite unlawfully arrested Gerling by entering his home, a claim of excessive force "presents a discrete constitutional violation relating to the *manner* in which an arrest was carried out, and is independent of whether law enforcement had the power to arrest." *Bashir v. Rockdale Cnty.*, 445 F.3d 1323, 1332 (11th Cir. 2006) (emphasis added). Thus, we analyze whether Waite used excessive force "without regard to whether the arrest itself was justified." *Freeman v. Gore*, 483 F.3d 404, 417 (5th Cir. 2007). In a case where police effect an arrest without sufficient justification, "but use no more force than would have been reasonably necessary if the arrest or the detention were warranted, the plaintiff has a claim for

unlawful arrest or detention but not an additional claim for excessive force." *Cortez v. McCauley*, 478 F.3d 1108, 1126 (10th Cir. 2007) (en banc).

"[I]t is clearly established that force is least justified against nonviolent misdemeanants who do not flee or actively resist arrest and pose little or no threat to the security of the officers or the public." *Brown v. City of Golden Valley*, 574 F.3d 491, 499 (8th Cir. 2009). But where a suspect ignores instructions and walks away, officers may be justified in using force to effect an arrest. *See Kelsay v. Ernst*, 933 F.3d 975, 980 (8th Cir. 2019) (en banc); *Ehlers v. City of Rapid City*, 846 F.3d 1002, 1011 (8th Cir. 2017). Because the inquiry is fact-intensive, officers are entitled to qualified immunity "unless existing precedent 'squarely governs' the specific facts at issue." *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018) (per curiam) (quoting *Mullenix v. Luna*, 577 U.S. 7, 13 (2015) (per curiam)).

Gerling relies on a line of cases involving non-resisting suspected misdemeanants, but he admits that he pulled away from Waite, did not comply with directions to raise his hands, and walked into an area of the home that was unfamiliar to Waite. Gerling argues that he pulled his hand away from Waite's grasp "reflexively," and was not truly resisting, but the relevant question is whether an officer at the scene reasonably could have interpreted Gerling's behavior as resistance. *Ehlers*, 846 F.3d at 1011; *see Carpenter*, 686 F.3d at 649-50. An officer reasonably could have believed Gerling was resisting arrest. Under those circumstances, Waite's use of force did not violate a clearly established right. It was not clearly established in November 2012 that officers were forbidden to use force, including a taser, to arrest a suspect who resisted, ignored instructions, and walked away from the officer. *See Kelsay*, 933 F.3d at 980; *Ehlers*, 846 F.3d at 1011.

We note, however, that any damages that Gerling suffered because of his arrest are subsumed within his unlawful arrest claim. Although we analyze unlawful arrest and excessive force claims separately, "the damages recoverable on an unlawful arrest

claim 'include damages suffered because of the use of force in effecting the arrest.'" *Bashir*, 445 F.3d at 1332 (quoting *Williamson v. Mills*, 65 F.3d 155, 158-59 (11th Cir. 1995) (per curiam)). Therefore, even without a freestanding claim for use of excessive force, Gerling may recover any damages that he suffered from Waite's use of a taser if Gerling succeeds on his claim alleging unlawful arrest based on an unjustified entry into the home.

\*     \*     \*

For these reasons, the order of the district court denying qualified immunity is affirmed in part and reversed in part, and the case is remanded for further proceedings consistent with this opinion.

———————————————