# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1157
_____

Gavonna Willis; Mary Stephens, individually and as parent of DS

*Plaintiffs - Appellees*

v.

Juanita Mills, individually and in her official capacity as a Helena/West Helena
Police Officer

*Defendant - Appellant*

City of Helena-West Helena, Arkansas

*Defendant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas
_____

Submitted: November 21, 2024
Filed: June 20, 2025
_____

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.
_____

GRASZ, Circuit Judge.

Donterious Stephens walked within a few feet of Officer Juanita Mills and
asked questions while Officer Mills and other officers took his mother into custody.

After his father was also taken into custody, Donterious again spoke to Officer Mills who then ordered officers to arrest Donterious too. Officer Mills was later sued for violating Donterious's civil rights — namely, by ordering an unreasonable seizure in the form of an unlawful arrest. Officer Mills moved for summary judgment based on qualified immunity, arguing Donterious's actions during his mother's arrest provided arguable probable cause to arrest him for obstructing government operations. The district court[1] denied Officer Mills's motion, and she filed this interlocutory appeal. For the reasons that follow, we deny the motion to dismiss the appeal for lack of jurisdiction and affirm the district court.

## I. Background

Officer Mills arrested Donterious's mother, Mary Stephens, at her place of employment on March 4, 2022. While officers were taking Mary into custody, Donterious walked over to the scene as Mary called out for him. Officer Mills's body-camera video shows her and other officers leading Mary in handcuffs to a police vehicle while Donterious stood nearby with another officer. When officers began opening the vehicle door, Donterious can be heard asking, "Why are you taking my momma to jail?" Officer Mills responded by saying, "Don't walk up on me like that, Chunky." (Chunky was Donterious's nickname.) The video does not show Donterious's location at this time, but Donterious admits he was "a few feet away." In response to Officer Mills addressing him, Donterious claims he "stood back" and continued to ask questions.

Meanwhile, Mary yelled at the officers and resisted getting into the vehicle, at one point kicking Officer Mills. Mary continued to resist until Officer Mills threatened to spray mace to control her. While this happened, Donterious was pacing and talking on his cell phone. After Officer Mills placed Mary in the vehicle, she and the other officers then arrested Warren Stephens, Donterious's father, and put

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

him in a different police vehicle. When they finished putting Warren in the other vehicle, Donterious started to say something to Officer Mills. Officer Mills retorted, "We about to lock you up." As Donterious walked away, he responded, "You pushing her." Officer Mills then directed officers to "lock him up." Donterious was arrested but never charged.

Based on this incident and other encounters with Officer Mills, Mary and another plaintiff sued Officer Mills in her individual and official capacities as well as the City of Helena-West Helena, Arkansas. In addition to bringing her own claims, Mary sued on behalf of Donterious[2] and alleged Officer Mills unlawfully arrested him. The City and Officer Mills filed motions for summary judgment, which the district court granted in part and denied in part. As to Donterious's unlawful arrest claim, which is the only claim on appeal, the district court denied summary judgment and qualified immunity. Officer Mills appeals, arguing that the "undisputed material evidence" shows she did not violate Donterious's rights. Donterious moved to dismiss this interlocutory appeal, arguing we lack jurisdiction because Officer Mills's argument turns on genuine issues of material fact. We consolidated the motion to dismiss with the merits and now address both.

## II. Analysis

We begin with Donterious's motion to dismiss. For interlocutory review of an order denying qualified immunity, "[o]ur jurisdiction 'extends only to abstract issues of law, not to determinations that the evidence is sufficient to permit a particular finding of fact after trial.'" *Brandy v. City of St. Louis*, 75 F.4th 908, 913 (8th Cir. 2023) (quoting *Shannon v. Koehler*, 616 F.3d 855, 861 (8th Cir. 2010)). We lack jurisdiction if "the heart of the argument is a dispute of fact." *White v. McKinley*, 519 F.3d 806, 812–13 (8th Cir. 2008) (brackets omitted) (quoting *Pace v. City of Des Moines*, 201 F.3d 1050, 1053 (8th Cir. 2000)). Yet, "we can review

---

[2]Donterious turned eighteen years old while this lawsuit was pending, and the district court substituted him as party plaintiff.

'whether the uncontested evidence demonstrates that the defendant[] violated a clearly established constitutional right.'" *Brandy*, 75 F.4th at 913 (quoting *Solomon v. Petray*, 795 F.3d 777, 785 (8th Cir. 2015)).

Mostly relying on her body-camera video, Officer Mills argues Donterious walked up and came within a few feet of her while she was arresting his mother. The video does not show where Donterious was located when Officer Mills placed his mother in the police vehicle, but Donterious admits he was "a few feet away."[3] Because Officer Mills's argument is based on these undisputed facts, we reject Donterious's contention that we do not have jurisdiction. *See Cole ex rel. Est. of Richards v. Hutchins*, 959 F.3d 1127, 1131 (8th Cir. 2020). "We have 'authority to decide the purely legal issue of whether the facts' as alleged by [Donterious] and found or assumed by the district court constitute 'a violation of clearly established law.'" *Id.* (quoting *Johnson v. McCarver*, 942 F.3d 405, 409 (8th Cir. 2019)). We therefore deny Donterious's motion to dismiss.

Turning to the merits of the appeal, we review de novo the district court's denial of qualified immunity. *Hunt v. Acosta*, 109 F.4th 1003, 1007 (8th Cir. 2024). We accept "as true 'the facts that the district court specifically found were adequately supported' and those it likely assumed." *Dunn v. Does 1-22*, 116 F.4th 737, 745 (8th Cir. 2024) (quoting *Roberts v. City of Omaha*, 723 F.3d 966, 972 (8th Cir. 2013)). Though we "cannot find facts," we "may determine whether the undisputed facts support the district court's legal conclusions." *Brandy*, 75 F.4th at 913 (quoting *Kong ex rel. Kong v. City of Burnsville*, 960 F.3d 985, 991 (8th Cir. 2020)). We

---

[3]We view the video only to the extent necessary to determine whether either party's story is "blatantly contradicted by the record," *see Wallingford v. Olson*, 592 F.3d 888, 892 (8th Cir. 2010) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)), or to "decipher the district court's assumptions 'by viewing the record favorably to the plaintiff as in any other summary judgment motion,'" *see Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014) (emphasis omitted) (quoting *Lockridge v. Bd. of Trs. of Univ. of Ark.*, 315 F.3d 1005, 1008 (8th Cir. 2003)). We do not revisit the factual determinations made by the district court. *See Walton*, 752 F.3d at 1116.

view "disputed facts most favorably to the plaintiff, including all reasonable inferences." *Id.* (quoting same).

For suits, such as this one, brought under 42 U.S.C. § 1983, "government officials are entitled to summary judgment if they are entitled to qualified immunity." *Setchfield v. St. Charles County*, 109 F.4th 1084, 1089 (8th Cir. 2024). To determine whether Officer Mills is entitled to qualified immunity, we must consider, in either order, two questions: "(1) whether the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) whether the right was clearly established at the time of the deprivation." *Ehlers v. City of Rapid City*, 846 F.3d 1002, 1008 (8th Cir. 2017) (quoting *Jones v. McNeese*, 675 F.3d 1158, 1161 (8th Cir. 2012)). Officer Mills is entitled to qualified immunity unless the answer is "yes" to each question. *Id.* "In order to be clearly established, 'the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Id.* (brackets omitted) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "[P]rior cases need not have expressly determined that the action in question is unlawful." *Id.* But "the unlawfulness must be apparent" based on existing precedent at the time of the incident. *Id.* (quoting *Anderson*, 483 U.S. at 640).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and ensures that "no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV. For Donterious's unlawful arrest claim to survive summary judgment, he "must demonstrate both that he was arrested without probable cause and that this violation was clearly established." *Setchfield*, 109 F.4th at 1093. Probable cause exists "when the totality of the circumstances at the time of the arrest 'are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense.'" *Borgman v. Kedley*, 646 F.3d 518, 523 (8th Cir. 2011) (quoting *Fisher v. Wal–Mart Stores, Inc.*, 619 F.3d 811, 816 (8th Cir. 2010)). Requiring probable cause "is designed 'to safeguard citizens from rash and unreasonable interferences with privacy and from unfounded charges of crime.'"

*Bell v. Neukirch*, 979 F.3d 594, 603 (8th Cir. 2020) (quoting *Brinegar v. United States*, 338 U.S. 160, 176 (1949)).

"To determine if there is probable cause, courts must 'examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause.'" *Setchfield*, 109 F.4th at 1093 (quoting *Maryland v. Pringle*, 540 U.S. 366, 371 (2003)). We are mindful that "[o]fficers are given 'substantial latitude in interpreting and drawing inferences from factual circumstances.'" *Nieters v. Holtan*, 83 F.4th 1099, 1106 (8th Cir. 2023) (quoting *Bell*, 979 F.3d at 603), *cert. denied*, 144 S. Ct. 1349 (2024). And even if there is not probable cause, an officer is afforded the protection of qualified immunity "if there is at least arguable probable cause." *Hunt*, 109 F.4th at 1008 (quoting *Borgman*, 646 F.3d at 522–23). "Arguable probable cause exists even where an officer mistakenly arrests a suspect believing it is based in probable cause if the mistake is 'objectively reasonable.'" *Borgman*, 646 F.3d at 523 (quoting *Amrine v. Brooks*, 522 F.3d 823, 832 (8th Cir. 2008)). Thus, we review the totality of the circumstances and ask whether a reasonable officer could reasonably but mistakenly believe the arrestee committed a crime. *See Galanakis v. City of Newton*, 134 F.4th 998, 1003 (8th Cir. 2025).

Officer Mills asserts she had arguable probable cause to arrest Donterious for obstructing government operations. *See* Ark. Code. § 5-54-102. Under Arkansas law, a person commits obstruction when he "[k]nowingly obstructs, impairs, or hinders the performance of any governmental function." *Id.* § 5-54-102(a)(1). Viewing the facts in the light most favorable to Donterious, we conclude Officer Mills had neither actual nor arguable probable cause for his arrest. The facts show Donterious was present at the arrest of his mother, questioned Officer Mills while he was within a few feet of Officer Mills, and stood back when warned not to walk up on Officer Mills. The district court's denial of summary judgment based on qualified immunity was proper.

Donterious's mere presence at the arrest scene and questioning of Officer Mills does not provide arguable probable cause for his arrest. *See Dunn*, 116 F.4th at 750 ("[W]alking and shouting expletives at a police van does not alone provide arguable probable cause to make an arrest."). "It is fundamental that a lawful arrest may not ensue where the arrestee is merely exercising his First Amendment rights." *Copeland v. Locke*, 613 F.3d 875, 880 (8th Cir. 2010) (cleaned up) (quoting *Gainor v. Rogers*, 973 F.2d 1379, 1387 (8th Cir. 1992)). "Our circuit in particular has been quite forthright in upholding the right of citizens to engage with officers while they perform their duties." *Chestnut v. Wallace*, 947 F.3d 1085, 1090–91 (8th Cir. 2020). Peaceful on-looking is also permissible and does not provide arguable probable cause to arrest. *See Walker v. City of Pine Bluff*, 414 F.3d 989, 993 (8th Cir. 2005) (applying Arkansas law). Though there may be arguable probable cause when an on-looker "directly disobey[s] unequivocal orders" and "continue[s] to approach" an officer performing an arrest, *see Ehlers*, 846 F.3d at 1009 (applying South Dakota obstruction law), Donterious claimed he complied with Officer Mills's command by standing back. Even if a person present at an arrest is "stubborn and irritating," but nonetheless a "law abiding citizen," there is no arguable probable cause to arrest him. *See Stufflebeam v. Harris*, 521 F.3d 884, 889 (8th Cir. 2008) (applying Arkansas law).

To be sure, whether an officer can arrest someone observing an arrest is a "complex" question "because some on-lookers may create safety hazards, while others may seek to frustrate valid law enforcement." *Walker*, 414 F.3d at 993. But viewing the facts in the light most favorable to Donterious, he did not create a safety hazard nor frustrate valid law enforcement. Though Officer Mills testified in her deposition that she thought Donterious might attack her, the district court did not find that he approached in an aggressive manner or made any threat to her or another officer, and the video does not show otherwise. *Cf. Copeland*, 613 F.3d at 880 (applying Missouri county obstruction ordinance). Donterious "never once physically interfered with, threatened to physically interfere with, or threatened to use any violence against" Officer Mills. *See id.* Indeed, the events occurred in broad daylight and in the presence of other officers who allowed Donterious to walk around

freely while he watched the arrest and spoke on his cell phone. Besides Officer Mills's one comment, no one appeared concerned that Donterious would intervene in the arrest. Regardless, "[t]he subjective intent of the officer is 'irrelevant to the existence of probable cause.'" *Galanakis*, 134 F.4th at 1003 (quoting *United States v. Demilia*, 771 F.3d 1051, 1054 (8th Cir. 2014)).

Officer Mills also claims Donterious obstructed the arrest because he diverted her attention from her duties. But "distraction alone does not amount to obstruction." *Hunt*, 109 F.4th at 1009. Officer Mills does not point to anything showing that Donterious's presence affected the arrest beyond distraction. *Cf. Kelley v. State*, 55 S.W.3d 309, 312 (Ark. App. 2001) (holding there was sufficient evidence to support obstruction conviction when obstructor "hindered [the officer]'s ability to administer field sobriety tests," "interfered with [the backup officer]'s ability to provide security," and caused another person being arrested to stop cooperating with the officer and to begin shouting profanities). Officer Mills did not direct any officer to handle Donterious before ordering his arrest, and there is no contention that Donterious's conduct affected his mother in a way that obstructed her arrest. Officer Mills completed the government function of arresting the individuals without Donterious hindering officers in any way. It was only when Donterious spoke again to Officer Mills after the arrests were complete that she ordered his arrest. These circumstances are not enough to qualify as probable cause that Donterious "[k]nowingly obstruct[ed], impair[ed], or hinder[ed] the performance of" an arrest. Ark. Code § 5-54-102(a)(1). Nor do the facts support arguable probable cause.

We recognize "[i]t may be that, at trial, the jury determines" Donterious took additional or contrary actions than what we may assume here, such as "ignor[ing] officer directions" or acting "in a manner" that knowingly obstructed, impaired, or hindered "the officers' work." *See Setchfield*, 109 F.4th at 1094. "[B]ut those are not the undisputed facts before us today." *Id.* Viewing the facts found and assumed by the district court from the standpoint of an objectively reasonable officer,

Donterious's actions did not amount to arguable probable cause. The district court did not err in denying qualified immunity to Officer Mills for arresting Donterious.

## III. Conclusion

For the foregoing reasons, we affirm.

_____